06-778

FILED

DEC 20 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

"*Statement of Facts*"

### CERTIFICATE OF SERVICE

I, THE UNDERSIGNED PLAINTIFF DUE HEREBY CERTIFY THAT
I DID MAIL TWO TRUE AND CORRECT COPIES OF COMPLAINT
THOMAS L. CARROL, ET AL. ON THE 17TH DAY OF DEC, 2006,
BY US POSTAL TO THE FOLLOWING:

CLERK OF THE COURT
U.S DISTRICT COURT
844 N. KING ST, LOCKBOX 18
WILMINGTON, DE 19801

Jimmie Lewis
SBI # 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

DATE: 12/17/06

#, I

I, A) On or about the 6TH of Sept 2006, while I, Jimmie Lewis was prescribed to be on psychological close observation level III status, at about 9:30 Am I was told by psychiatrist Dr. Cannolly that I was being discharged. At or about 12:00 PM the inmate patients who had actually been discharged were being transfered to their assigned housing areas, but not me. In response, I asked c/o Jelliffe why I was on the transfere list, only to receive a belligerent response full of profanity for which resulted in a heated verbal confrontation. Soon Thereafter, I covered the surveilance camera with tissue, so c/o Jelliffe wrote me up for a disciplinary code violation (8TH U.S.C A EIGHT VIOLATION SEE ESTELLE V. GAMBLE, 97 S. CT 285, 50, L. Ed 2d 251.)

I, B) Thereafter Dr. Cannolly wrote a order that I be involuntarily injected with (2) seperate cocktails of psychotiopic drugs, even though there weren't any evidence of psychosis.

Officer Jelliffe and several other officers opened the flap in the door, and ordered me to being handcuffed, and I complied. I was transfered from cell #191, to a cell 4 to 6 cells down the cell block. Upon entering said cell, officer Jelliffe and several officers tackled me to the floor, at which time officer Jelliffe abruptly and aggressively twisted my arm maliciously, shouted out numerous profanities while standing on my arm pit and back simultaneously while the other officers simply held me

down for nurse mary ~~Snider~~ to inject me with the (2) different hyperdermic needles of psychotropic drugs. Before nurse-mary injected me with said hyperdermic needles of psychotropic drugs I informed her that I didn't need nor do I want her to inject me, and that she was injecting me against my will, my plea was ultimately ignored and I was injected against my will. No alternative such as (4) point restraint was considered and/or utilized prior to the involuntary administration of the psychotropic drugs, see Washington V. Harper, 497 U.S 210, 221-22 (1990).

I, c) the injuries I received were as such:
swelling and bruising to my right arm's shoulder blade and swelling and bruising to my right wrist, swelling and bruising to the (2) different areas were the hyperdermic needles broke my skin and entered my flesh, causing said areas to bleed, persisting and re-occuring migraine headaches, bouts of amnesia, tremors, persisting ear ringing, audio and visual hallucinations, nurve and brain damage due to brain cells being killed by said psychotropic drugs.

8TH AND 14TH U.S.C.A RIGHT VIOLATIONS, CIVIL ASSUALT AND BATTERY.

#, II

While I was prescribed to be in the
infirmary at the D.C.C, on psychological
close observation i level I and or II, during
the following dates: June 2005 for 1 week,
July 2005 for 1 week, Nov 02, 2005 thru
Nov 06, 2005, Nov 06, 2005 thru Nov 10, 2005,
april 03, 2006 thru May 14, 2006, May 25, 2006
thru June 21, 2006, Aug 30, 2006 thru Sept 13, 2006,
and Nov 1, 2006, The D.C.C warden
thomas L. Carrol, Mental health Supervisor
Mr ahmad, Mental health counselor for the
D.C.C infirmary charles Benton, and Psychiatrist
Dr Cannolly Denied me the following
privilages that the other inmate patients
admitted into the D.C.C infirmary were given:
1.) access to law library, 2) grievance procedure,
3.) legal counsel, 4.) daily access to hygiene
products, 5.) Daily recreation, 6.) mental health
Therapy or counseling during 4 to 12 and 12 to 8 shifts
like inmate patients whom had nurses available to them
24 hours a day, 6.) no suicide blanket, 7.) no suicide
footwear, 8.) my mattress was take from me daily
at 6:00 Am and returned at 10:00 Am while other
patients were allowed to keep there assigned mattress.
I filed grievance, but to no avail.

Said actions define violations of my
1st, AND 8th U.S.CA RIGHTS

# III

**III, A)**
On or about 8/22/2006 at the D.C.C, my left hand was x-rayed, for which revealed that my pinky finger was severely broken. The x-ray tech Mary Blades informed Dr. Durst who reviewed my hand as well as the x-ray and confirmed that my pinky finger was indeed broken.

Dr. Durst then abruptly left the area without providing any medical treatment for the broken finger and or for pain, even though Dr. Durst was the physician assigned to the D.C.C infirmary at that time.

Said injury persisted until 11/30/2006

See Estelle V. Gamble, 97.S.CT 285, 50, L.Ed 2d 251. 8TH U.S.CA RIGHT VIOLATION.

**III, B)** Shortly thereafter, on or about 8/22/06, at the D.C.C, Dr. Rogers was notified, but did not provide any medical treatment for the broken finger and or for pain.

See grievance # 76249, attached as exhibit

Said injury persisted until 11/30/2006.

See Estelle V. Gamble, 97 S.CT 285; 50, L.ED 2d 251. 8TH U.S.CA RIGHT VIOLATION.

**III, C)** During the dates of 8/26-29/2006 I repeatedly informed the mental health counselor to the SNU, (Special needs Unit), Mr. Femi, that I was experiencing psychological dilemma's that prevented me from getting sleep due to the pain from my broken pinky finger, but to no avail.

III, P.2

III, D) On 8/30/2006 I urgently informed Sgt Cain that I needed emergency medical treatment, but in response, Sgt Cain instructed me to lock in my assigned cell, but my urgent emergency medical request was viewed by Sgt Cain as a violation of disciplinary code i.e; "to lock in". Failing to obey, even though I did lock into my assigned cell.

I wrote grievance, but to no avail. See, Estelle v. Gamble, 97 S.CT 285, 50, L.Ed 2d 251. 8TH U.S.C A RIGHT VIOLATION.

III, E) I was thereafter taken from my assigned cell BLD 23, D-U-2, to BLD 24, but while waiting I began experiencing extreme depression for which were followed by suicidal thoughts. LT Welcome was informed who in turn informed staff LT Profaci, who inturn informed my mental health counselor Mr Femi. Upon Mr Femi's arrival, I explained my psychotic dilemma's, but Mr Femi ignored my medical needs, and I was thereafter taken to the disciplinary unit BLD 18, CL-4. While I was on the disciplinary unit, depression and suicidal thoughts got to me, and I hung myself with a sheet. I woke up in the D.CC infumary prescribed to be on psychological close observation status level (1).

III, P.3

CONT # III, E)

    I wrote grievance, but to no avail.
See, Estelle v. Gamble, 97.S.CT 285, 50, L.Ed 2d 251.
See, Farmer v. Brennan, 511 US 825, 114 S.CT 1970)
    8TH U.S.CA RIGHT VIOLATIONS.

III, F) During my admission in the D.C.C infirmary
    dating from 8/30/2006 thru 9/13/06
I alerted C/o Rosalie Vargas, who was the
"OIC" (officer in charge), by knocking on
the cell door, that I both needed
to speak with the nurse and that I needed
toilet Tissue, but C/o R. Vargas approached
my assigned cell and informed me that the
only thing I would be receiving was
a major write up. C/o R. Vargas and I
began a heated argument, that resulted in
my being deemed unstable enough to be
discharged from level I to level II and or
discharged from the infirmary altogether.

    I wrote grievance, but to no avail.
See Estelle v. Gamble, 97.S.CT 285, 50, L.Ed 2d 251.
    8TH U.SCA RIGHT VIOLATION.

III, G) During the course of my admissions in the D.C.C infirmary, dating from 8/30/2006 thru 9/13/2006, D.C.C warden Thomas L. Carrol, Psychiatrist Dr. Bolanda, Mental Health Supervisor Mr Ahmad, Security Supervisor Major Holman conducted a classification meeting that determined that I was to be sent back to the disciplinary housing unit BLD 18. The place that was in part responsible for my attempted suicide, even though they knew said place didn't address my mental health needs like the SNU could, due in part to the constant confinement and lack of mental health counseling in BLD 18. and on or about 9/13/2006 I was transfered to the disciplinary housing unit never the less, and not back to BLD 23 The mental health unit. I was forced to stay in BLD 18 C-U-2. experiencing extreme depression and suicidal thoughts until Oct 4, 06. On Oct 4, 2006 I was transfered to BLD 17, C-U-1 disciplinary housing unit were the extreme depression and suicidal thought continued, and were exasperated by the constant noise of pipes banging on the walls, 24 hours a day for 7 days a week until 11/01/2006.

I was sent to BLD 18 AND BLD 17 on Oct 4, 06 as retaliation to the complaint I filed against defendant Raghel Williams, et al 05-013 (GMS), for which includes the D.C.C warden Thomas L. Carrol as a defendant

# III, P.5

cont # III, G )
I wrote grievance, but to no avail.
See, Estelle v. Gamble, 97. S.CT 285, 50, L.Ed 2d 251
See, Farmer v. Brennan, 511 U.S 825, 114 S.CT 1970 )
8TH U.S.CA RIGHT VIOLATION.

III, 4) On 11/01/2006 at or about 2:30 AM
I was transfered to the infirmary from
BLD 17, C-U-1, and prescribed to be on psychological
close observation level II, until about 2:30 PM
at which time I was transfered back to
BLD 23, D-U-2 SNU UNIT, (SPECIAL NEEDS UNIT),
but subsequently, my personal property remained
in building 17, C-U-1 until 11/06/2006 when
C/o Buckle packed the personal property
I received on 9/21/2006 (See attached property
on receipts as exhibit), but C/o Buckley did not
pack and inventory my General Electric radio
cereal number 313794 valued at $48.00.
        Said radio was taken from me and or
not packed and or invetoned and returned to me
as an act of retaliation regarding my foling
civil complaint against Raphel Williams, et al 05-013 &MM
(GMS), for which included numerous D.O.C officers.
        Note, C/o Buckle questions me about the number
of officers on the complaint, stating I quote.
Lewis you should just drop the suit, because
this is there house, and something may mysteriously
happen to you. unquote. Note, I viewed C/o Buckles'
comment as a threat.
        I wrote grievance, but to no avail
1ST U.S.CA RIGHT VIOLATION.

III, I)    After being transfered back to the SNU (SPECIAL NEEDS UNIT), BLD 23 D-U-2, & subsequently received sanctions from Disciplinary Hearings conducted by Disciplinary Hearing officers LT Larry Savage and LT Ralph Heverin, Disciplinary report numbers 1027195, 1027222, 1027146 for disciplinary code violation write up wrote by Sgt Cain on 8/30/2006 and C/o - Rosalie Vargas between 8/30/2006 and 9/13/2006 Disciplinary reports 1027195, 1027222, and 1027146 were never served to the plaintiff, 1.) the plaintiff never received written notice of said disciplinary code violations, 2.) The plaintiff never received notice of fact finding, 3.), The plaintiff was never allowed to present evidence in his own behalf, 4.) The plaintiff was never allowed to appeal, 5.) said disciplinary hearing was conducted more than (7) days after the disciplinary violation. I write grievance but to no avail. See, Avant v. Clifford 67 NJ 496, 341 A.2d 629. 14TH U.S.CA RIGHT VIOLATION

III, J) Said sanctions of 5 days, 5 days, and 30 days confined to quarters BLD 23 'D-U2 dating from 11/20/2006 thru 12/19/2006 interfered with the mental health treatment that is provided for SNU inmates.

III, P. 7

Cont III, J.)

1.) I wasn't allowed to order commissary like other SNU inmates, 2.) I wasn't allowed to participate in activity workshop on mondays, 3) Music Therapy on mondays, 4.) Overcoming Thinking errors on mondays, 5.) activity workshop on Tuesday, 6.) psychopharmacology on Tuesdays, 7) mutilation support group on tuesdays, 8.) Bibliotherapy on Wednesday, 9.) arts and crafts on wednesday, 10.) Depression support group on thursday, 11.) Activity workshop on thursday, 12.) Open activities on fridays, 13) mourning group meetings monday thru Fridays, See SNU activity and group therapy schedule, attached as exhibit

I wrote grievane, but to no avail. ~~new, ~~ ~~~~ 8TH ~~~~ U.SCA RIGHTS VIOLATIONS. See, Estelle v. Gamble, 97 S.CT 285, 50, L.Ed 2d 251

# IV

At the D.C.C dating from 4-7-05 to date, the D.C.C warden Thomas L. Carrol and the D.CC Deputy Warden D. Pierce have allowed funds to be withdrawn from my inmate account for legal postal fee's, to the sum of more than $1000.00 even though the D.CC inmate handbook states on page 11, that the state will pay legal postal fee's, (see attached inmate handbook page 11), when ever I receive a money order, the entire sum of the money order is taken, for which leaves me indigent, without funds to purchase hygiene products such as fluride toothpaste, toothbrush, shampoo, deodorant, soap, lotion, after shave, or commissary products like other inmates.

I am unable to for months practice hygiene, for which alinates, segregates and has degraded me as a human being. No deodorant causes me to present as musky, preceived to not be clean, no lotion causes me to present as itchy and ashy, preceived to not be clean, no fluride toothpaste causes me to present with holitosis, preceived to not be clean, no commissary causes me to go hungry after daily exercise, for which caused me to loose weight to the sum of 25 lbs due to the insufficient portions served at meal time.

#IV P. 2

cont # IV
attached Grievance #'s, 19547 and 80265
I filed grievance, but to no avail.
STH ~~[crossed out]~~ U.S. CA RIGHT VIOLATIONS

I have been allowed to obtain
indigent mailing supplies to the sum of
$3.74 a month, but I am prohibited
from purchasing hygiene products and or
commissary products like other inmates
even though I am required to reimburse
said funds, and family members and
or friends are not allowed to send
me food or hygiene products.

# V

At The D.C.C since 4-7-2005 to date, the D.C.C warden Thomas L. Carrol has only permitted me to obtain legal supplies to the sum of $3.74 a month. i.e, (4) first class stamps, (4) 12 X 9 manila envelopes, (16) LG Envelopes, (4) small envelopes, (1) writing pad, (1) pen, for which is due to my indigent status.

Said indigent legal supplies are allowed to be obtained, but 12 X 15.5 manila envelope that other inmate are allowed to purchase have been denied because of my indigent status, even though said funds are withdrew from my inmate account once someone sends me a money order.

Being denied 12 X 15.5 manila envelopes have prejudiced me, due to my postconviction appeal which is to volumous to fit into a 12 X 9 manila delayed my being able to send out said postconviction appeal before the 9/29/2006 deadline. See attached exhibit.

I wrote grievance, but to no avail said actions have violated my 6TH AND 1ST, U.S.C.A RIGHTS.

# # VI

Since 4-7-05 I have filed numerous sick calls for the D.C.C physician Dr Rogers to provide me with medical treatment for toe nail fungas, only to be told by Dr Rogers that there was nothing that she could prescribe me, because it was cosmetic.

On 10/17/2006 I filed grievance, grievance number 76246 for fungus that has spread to a total of seven of my toes (3) more than I initially was seeking treatment for. My toe nails are literally rotten, the hurt, bleed, present with a foul odor and actually crumble when I clip them. Dr Rogers was made aware of these conditions, but still refused to provide me with medical treatment.

I filed grievance, but to no avail the grievance procedure is futile. See, Estelle V. Gamble, 97 SCT. 285, 50, LEd 2d 251, 8TH ~~AMENDMENT~~ U.S.CA RIGHT VIOLATIONS.

# VII

At the O.C.C BLD 19, A U-6 on 11/01/05 at about 1:30 pm I Jimmie Lewis asked Sgt M. Everette to call the support service office to check my account in order to determine exactly why the commissary officer didn't process my commissary order when (2) days prior I had received a money order for $50. Sgt M. Everette agreed to call the support service office, to check into what appeared to be an error on the behalf of the commissary officer, due to my presenting a photocopy of my inmate account statement printed out and delivered to me just (3) days prior on Oct 27, 2005 along with a money order receipt I had just received just (2) days prior on Oct 28, 2005, but Sgt M. Everette, didn't do as she had informed me on 11/01/2005 due to her leaving the building at about 3:30 pm and not returning until 11/02/2005.

On 11/02/05 at about 10:00 am, I asked Sgt M. Everette is she had done as she said she would, for which her response was no !! you have to write the support service office. It was then that I requested for Sgt M. Everette to give me my inmate account printout and my money order receipt, but Sgt M. Everette ignored my request and walked away, off of the unit.

# VII P. 2

Cont # VII

At about 11:20 Am Sgt G. Everette and CPL L. Ross began serving lunch (hot dogs and beans), at which time I presented Sgt G. Everette with a request to speak with the area Lt, Lt Simon; Sgt Everette responded no! and proceeded to serve lunch. At about 11:35 Sgt Everette and CPL L. Ross returned to pick up food trays, Sgt G. Everette requested for me to give her my food tray, I responded with a request to speak with Lt Simon. In response, Sgt G. Everette stated fuck it, keep the tray. Sgt G. Everette left the unit, only to return (5) minute later.

A pon Sgt G Everette's arriving at my assigned cell BLD 19, A-U-6, Sgt G. everette opened the flap and called me, when I arrived to the flap, Sgt G. everette gestured for me to come closer, I thought Sgt G. Everette was retaining my printout of my account statement and my money order receipt, but to my surprise Sgt G. Everette began spraying capstun into my face without warning or reason.

Sgt G. Everette keep spraying capstun into my assigned cell for a duration of at least 60 seconds, until her capstun can was empty.

# VII , P.3

Cont # VII

For at least 10 minutes, I was trapped in my assigned cell blinded, eyes burning, skin burning and unable to grasp oxygen.
        10 minutes later Sgt G Everette returned to my assigned cell with Lt Simon, Cpl Manns, and Cpl L. Ross. I was removed from my assigned cell without incident, and taken to (A) units interview room.
    Injuries were as follows, 1.) burning eyes for 48 hours, 2.) burning skin for 48 hours, 3.) sore throat and coughing that lasted for (7) days. 4.) said injuries caused me to become depressed and suicidal causing me to be prescribed to psychological close observation level II for 4 days 11/02/05 thru 11/06/05.

See disciplinary report # 1021432
I filed grievance, but to no avail.
grievance # 20618 but said grievance was dismissed due to it involving alleged disciplinary actions.

    8TH U.S.C.A RIGHT VIOLATION, As well As CIVIL ASSUALT AND BATTERY.

# VIII

Under color of state law, at the D.C.C on 8/22/2006, disciplinary hearing officer LT Ralph Heverin conducted a disciplinary hearing and found me guilty for the disciplinary code violation Y/o R. Vargas wrote, (DR # 1026789), and caused me to serve a (5) day confined to quarters sanction 1.) without providing me with a written notice of the alleged disciplinary write up. 2.) without allowing me to present evidence in my own behalf, 3.) without providing me with written notice of fact finding, 4.) without allowing me to appeal 5.) said disciplinary hearing was conducted more than (7) days after the alleged code violation was said to have occured.

I wrote grievance, but to no avail.
See, Avant V. Clifford, 67 NT 496, 341 A. 2d 629
14 TH U.S. CA RIGHT VIOLATIONS

Note, Said disciplinary write up, are said to have occured in the infirmary while I was on psych close observation level I and or II, for which prohibits the possession of pen or paper on said status, per D.O.C policy and or doctors orders, i.e infirmary.

# IX

Under color of state law at the D.C.C
on 5/08/2006 at or about 00:01 Am
C/o Rosalie Vargas wrote a disciplinary code
violation against me DR# 1024850, while l was
prescribed to be on psychological close observation
level II status, (due to being deemed psychotic),
without first consulting with the psychiatrist whom
prescribed me to be on psych close observation
status, in order to determine my mental health
status, and or to determine before hand if said
disciplinary sanction would be appropriate and or
interfere with my mental health treatment while
housed in the infirmary and or my over all
rehabilitative therapy. Note, due to C/o R. Vargas
continuously arguing with me, my psychotic
condition was exaggerated, for which caused
my mental health condition to be deemed
unstable and prolonged my admissions in the infirmary

l wrote grievance, but to no avail.
See, Estelle V. Gamble, 97 S.CT 285, 50, L.Ed 2d 251.
8TH U.S.CA RIGHT VIOLATION.

# X

Under color of state law, at the D.C.C on 3/16/2006 disciplinary hearing officer Lt. Ralph Hevesin conducted a disciplinary hearing and found me guilty for the disciplinary infraction C/O Rosalie Vargas wrote (OR # 1024850), and caused me to serve (5) day confined to quarters sanction without 1.) allowing me to present evidence in my own behalf, 2.) without providing me with written notice of fact finding, 3.) without allowing me to appeal, 4.) said disciplinary hearing was conducted more than (7) days after the alleged disciplinary violation is said to have occured.

I filed grievance, but to no avail.
See, Avant V. Clifford, 67 NJ 496, 341 A.2d 629

14TH U.S.CA RIGHT VIOLATIONS.

# XI

Under color of state law, at the D.C.C on 5/02/2006 at or about 00:15 Am C/o Rosalie Vargas wrote a disciplinary code violation against me, (DR# 1024832), while I was prescribed to be on psychological close observation level II status, (due to being deemed psychotic), without first consulting with the psychiatrist whom prescribed me to be on psych close observation status, in order to determine my mental health status, and or to determine before hand if said disciplinary sanction would be appropriate and or interfere with my mental health treatment while housed in the infirmary and or my over-all rehabilitative therapy. Note, due to C/o R. Vargas continuosly arguing with me my psychotic condition was exasperated, for which caused my mental health condition to be deemed unstable and prolonged my admission in the infirmary.

I wrote grievance, but to no avail See, Estelle V. Gamble, 97 S.CT 285, 50 L.Ed 2d 251 8TH U.S.CA RIGHT VIOLATION.

# XII

under color of state law, at the O.C.C
on 6/20/2006 disciplinary hearing officer
Lt Ralph Hevesin conducted a disciplinary hearing
and found me guilty for the disciplinary
~~missing~~ infraction c/o R. Vargas wrote,
(DR # 1024832), and caused me to serve a
(5) day confined to quarters sanction without
1.) allowing me to present evidence in my
own behalf, 2.) without providing me with
written notice of fact finding 3.) without
allowing me to appeal 4) said disciplinary
hearing was conducted more than (7) days
after the alleged disciplinary violation is said
to have occured.

I filed grievance but to no avail,
See, avant V. Clifford, 67 NJ 496, 341 A.2d 629

14 TH U.S.CA RIGHT VIOLATIONS

# XIII

Under color of state law, at the D.C.C on 5/02/2006 at or about 07:36 Am C/o Rosale Vargas wrote a disciplinary code violation against me, (DR # 1024743), while I was prescribed to be on psychological close observation level II status, (due to being deemed psychotic), without first consulting with the psychiatrist whom prescribed me to be on psych close observation status, in order to determine my mental health status, and or to determine ~~my~~ before hand if said disciplinary sanction would be appropriate and or interfere with my mental health treatment while housed in the infermary and or my over all rehabilitative therapy. Note, due to C/o R. Vargas continuously arguing with me my psychotic condition was exaggerated, for which caused my mental health condition to be deemed unstable and prolonged my admission in the infermary.

I wrote grievance, but to no avail
See, Estelle V. Gamble, 97 S.CT 285, 50, L.Ed 2d 251
8TH U.S.C.A RIGHT VIOLATION.

# XIV

Under color of state law, at the D.C.C on 5/16/2006 disciplinary hearing officer Lt Ralph Heversin conducted a disciplinary hearing and found me guilty for the disciplinary code violation % R. Vargas wrote, — (Dr # 1024743), and caused me to serve a (5) day confined to quarters sanction without 1.) allowing me to present evidence in my own behalf, 2.) without providing me with written notice of fact finding, 3.) without allowing me to appeal 4.) said disciplinary hearing was conducted more than (7) days after the alleged disciplinary violation is said to have occured.

I filed grievance, but to no avail. See, Avant V. Clifford, 67 NJ 496, 341 A.2d 629

14TH U.S.CA RIGHT VIOLATIONS

# XV

Under color of state law, at the D.C.C on 5/02/2006 at or about 07:00 AM C/o Rosalie Vargas wrote me a disciplinary code violation against me, (DR# 1024742), while I was prescribed to be on psychological close observation level II status, (due to being deemed psychotic), without first consulting with the psychiatrist whom prescribed me to be on psych close observation status, in order to determine my mental health status, and or to determine before hand if said disciplinary sanction would be appropriate and or interfere with my mental health treatment while housed in the infirmary and or my over all rehabilitative therapy. Note, due to C/o R. Vargas continuously arguing with me my psychotic condition was exaggerated for which caused my mental health condition to be deemed unstable and prolonged my admission in the infirmary.

I wrote grievance, but to no avail. See, Estelle v. Gamble, 97 S.CT 285, 50, L.Ed 2d 251 8TH U.S.CA RIGHT VIOLATION

# XVI

Under color of state law, at the D.CC on 5/16/2006 disciplinary hearing officer Lt Ralph Heverin conducted a disciplinary hearing and found me guilty for the disciplinary code violation C/o R. Vargas wrote, (DR # 1024742), and caused me to serve a (5) day confined to quarters sanction without 1.) allowing me to present evidence in my own behalf. 2.) without providing me with written notice of fact finding 3.) without allowing me to appeal 4.) said disciplinary hearing was conducted more than (7) days after the alleged disciplinary violation is said to have occured.

I filed grievance but to no avail. See, Avant v. Clifford, 67 NJ 496, 341 A.2d 629 14TH U.S CA RIGHT VIOLATIONS.

#XVII

Under color of state law, at the D.CC on 5/16/2006 disciplinary hearing officer LT Ralph Heverin conducted a disciplinary hearing and found me guilty for the disciplinary code violation C/o R. Vargas wrote (DR#1024784), and caused me to serve a (5) day confined to quarters sanction 1.) without providing me with a written notice of the alleged disciplinary write up. 2.) without allowing me to present evidence in my own behalf, 3.) without providing with a written notice of the fact finding, 4.) without allowing me to appeal, 5.) Said disciplinary hearing was conducted more than (7) days after the alleged code violation was said to have occured.

I filed grievance, but to no avail. See, Avant v. Clifford, 67 NJ 496, 341, A.2d 629 14TH U.S. CA RIGHT VIOLATION.

Note, said disciplinary write up is said to have occured while I was prescribed to be on psych close observation level I and or II, in the infirmary for which prohibits the possession of pen or paper on said status, per D.O.C policy and or doctors orders.

# XVIII

under color of state law, at the D.C.C
on 5/16/2006 disciplinary hearing officer
LT Ralph Heverin conducted a disciplinary
hearing and found me guilty for the disciplinary
code violation c/o R. Vargas wrote, (DR# 1324743),
and caused me to serve a (5) day confined
to quarters sanction 1.) without providing
me with a written notice of the alleged
disciplinary write up., 2.) without allowing
me to present evidence in my own behalf,
3.) without providing me with a written
notice of the fact finding, 4.) without allowing
me to appeal, 5). Said disciplinary hearing was
conducted more then (7) days after the alleged
code violation was said to have occured.

I filed grievance, but to no avail
See, Avant v. Clifford, 67 NJ 496, 341 A.2d 629
14 TH U.S.C.A RIGHT VIOLATION.

Note, said disciplinary write up is said
to have occured while I was prescribed
to be on psych close observation level I
and or II, in the infirmary, for which
prohibits the possession of pen or paper
on said status, per D.O.C policy and
or doctors orders

# XIX

under color of state law, at the D.CC
on 5/16/2006 disciplinary hearing officer
LT Ralph Heverin conducted a disciplinary
hearing and found me guilty for the disciplinary
code violation 4/0 R. Vargas wrote, (DR #1024850),
and caused me to serve a (5) day confined
to quarters sanction 1.) without providing
me with a written notice of the alleged
disciplinary write up. 2.) without allowing me
to present evidence in my own behalf,
3.) without providing me with a written notice
of the fact finding 4.) without allowing me
to appeal, 5.) Said disciplinary hearing was
conducted more than (7) days after the alleged
code violation was said to have occured.

See; Avant V. Clifford, 67 NJ 496, 341, A.2d 629
I filed grievance, but to no avail.
14 ﬡTH U.S.CA RIGHT VIOLATION.

Note, said disciplinary write up is said
to have occured while I was prescribed
to be on psych close observation level I
and or II in the infirmary, for which
prohibits the possession of pen or paper
on said status, per D.O.C policy and
or doctors orders, i.e infirmary.

# XX

under color of state law, at the D.C.C
on 5/16/2006 disciplinary hearing officer
LT Ralph Hererin conducted a disciplinary
hearing and found me guilty for the disciplinary
code violation % R. Vargas wrote, (OR# 1024836),
and caused me to serve a #(5) day confined
to quarters o sanction 1.) without providing me
with a written notice of the alleged
disciplinary write up 2.) without allowing me
to present evidence in my own behalf,
3.) without providing me with a written notice
of fact finding 4.) without allowing me to
appeal, 5.) said disciplinary hearing was
conducted more (7) days after the alleged
code violation was said to have occured.

I filed grievance, but to no avail
See, Avant V. Clifford, 67 NJ 496, 341 A. 2d 629
14 18TH U.S.C A RIGHT VIOLATION

Note, said disciplinary write up is said
to have occured while I was prescribed
to be on psych close observation level I
and or II, for which prohibits the possession
of pen or paper on said status, per D.O.C
policy and or doctors orders; i.e infirmary

# XXI

under color of state law, at the D.CC on 6/20/2006 disciplinary hearing officers cr Ralph Heverin conducted a disciplinary hearing and found me guilty for the disciplinary code violation % R. Vargas wrote (DR# 1024762), and caused me to serve a (5) day loss of all privileges sanction 1.) without providing me with a written notice of the alleged disciplinary write up, 2.) without allowing me to present evidence in my own behalf, 3.) without providing me with a written notice of fact finding, 4.) without allowing me to appeal 5.) Said disciplinary hearing was conducted more than (7) days after the alleged code violation was said to have occured.

See, I wrote grievance but to no avail. Avant V. Clifford, 67 NJ 496, 341 A.2d 629 14 TH U.S. CA RIGHT VIOLATIONS.

Note, said disciplinary write up is said to have occured while I was prescribed to be on Psych close observation level I and or II, for which prohibits the possession of pen or paper on said status, per D.O.C policy and or doctors orders, i.e, infirmary

# XXII

under color of state law, at the D.C.C. on
9/07/2006 disciplinary hearing officer
Lt. Larry Savage conducted a disciplinary
hearing and found me guilty for the disciplinary
code violation % R. Vargas wrote (DR# 1027063),
and caused me to serve a 5 day loss of all
Privileges sanction 1.) without providing me
with a written notice of the alleged disciplinary
write up., 2.) without allowing me to present
evidence in my own behalf., 3.) without providing
me with a written notice of fact finding.
4.) without allowing me to appeal.
5.) Said disciplinary hearing was conducted
more than (7) days after the alleged code
violation was said to have occured.

I wrote grievance, but to no avail
See, Avant V. Clifford, 67 NJ, 496, 341 A. 2d 629
14TH USCA RIGHT VIOLATIONS

note, said disciplinary write up is said
to have occured while I was prescribed
to be on psych close observation level I
and or II, for which prohibits the possession
of pen or paper on said status, per D.O.C
policy and or doctors orders, i.e Infirmary

# XXIII

Under color of state law, at the D.C.C on 9/07/2006 disciplinary hearing officer Lt. Larry Savage conducted a disciplinary hearing and found me guilty for the disciplinary code violation C/o R. Vargas wrote, (DR# 1027067), and caused me to serve a 15 day confined to quarters sanction 1.) without providing me with a written notice of the alleged disciplinary write up. 2.) without allowing me to present evidence in my own behalf., 3.) without providing me with a written notice of fact finding. 4.) without allowing me to appeal. 5.) Said disciplinary hearing was conducted more than (7) days after the alleged code violation was said to have occurred

I wrote grievance, but to no avail. See, Avant V. Clifford, 67 NJ 496, 341, A.2d 629 14TH U.S.C. A RIGHT VIOLATIONS.

Note, Said disciplinary write up is said to have occurred while I was prescribed to be on Psych close observation level I and or II, for which prohibits the possessions of pen or paper on said status, per D.O.C policy and or doctors orders, i.e infirmary

More need psychiatric
help than ever, but
few are getting it.

# Mental
# health
# patients
# find little
# help in Del.

## NEWS BRIEFS

### Three injured in jump from burning boat

BRICK: Three people suffered minor burns and two others escaped injury when all five jumped from a boat that caught fire in the Barnegat Bay near the Metedeconk River yesterday, Brick Township police said.

The boat was about 30 yards out from an Ocean County marina about 4:30 p.m. when flames engulfed the craft, possibly the result of an explosion, said Sgt. Craig Lash.

All five boaters were rescued, the sergeant said. The boat, which was gutted, drifted to shore and beached itself.

### Public is asked to help find missing Newark man

NEWARK: Police are seeking the public's assistance in finding a city resident who suffers from schizophrenia and a bipolar disorder.



LEWIS

Jimmie Lewis Jr., 36, talked last with his mother by telephone on May 19, but wasn't reported missing until June 25, said Lt. Derek Glenn, a city police spokesman.

He said Lewis, described as manic depressive, is 6 feet 2 inches, weighs 230 pounds, has brown eyes, black hair and a dark skin.

Glenn said anyone with information should contact police at (973) 733-5172.