IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 06-778-GMS |
| | ) | |
| THOMAS L. CARROLL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

The plaintiff, Jimmie Lewis, a prisoner incarcerated at Delaware Correctional Center, Smyrna, Delaware, brings this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. THE COMPLAINT

Lewis filed this action against eighteen defendants, raising a variety of claims all of which he alleges violated his constitutional rights. (D.I. 2, 4.) More particularly, the complaint contains allegations that Lewis was involuntarily injected with psychotrophic drugs, he received disciplinary charges, he was subjected to excessive force, and he was denied access to the law library and legal counsel. He also alleges that funds from his inmate trust account were improperly taken to pay for legal postage fees, which resulted in no funds for him to purchase hygiene products and food from the prison commissary. He also alleges he is only permitted to spend a certain monthly amount for legal supplies.

The complaint also alleges the conditions of confinement violated Lewis' Eighth Amendment rights because he was denied daily access to hygiene products, daily recreation, and his mattress was taken from him at 6:00 AM and returned at 10:00 AM when other patients were allowed to keep their mattresses. He complains of deliberate indifference to his medical needs alleging he was denied medical treatment, mental health counselors were not available twenty-four hours per day, and he had no suicide blanket or suicide footwear. Lewis alleges violations of his right to due process in the filing, investigation, resolution of grievances, procedures used in conducting disciplinary proceedings, and in the sanctions imposed upon him. He alleges his constitutional rights were violated when he was reclassified and returned to disciplinary housing. Finally, Lewis alleges that his personal property was taken from him in retaliation for filing a lawsuit against prison officials.

Lewis seeks injunctive relief to obtain an interstate prison transfer, medical and mental health treatment, a radio, the waiver of Delaware Correctional Center ("DCC") "postal dept," unlimited legal supplies, unlimited hygiene and food products, and daily recreation while in the DCC infirmary. (D.I. 2) He also asks for compensatory and punitive damages in the sum of five million dollars.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

**III. ANALYSIS**

**A. Pleading Deficiency**

Other than naming them as defendants, Lewis provides no details regarding the alleged actions of the defendants Imad Jarwan ("Jarwan") and Olufemi Adesemolu ("Adesemolu"). A pleading shall contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Additionally, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)). As currently presented, the claims against Jarwan and Adesemolu have no arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. at 325. Therefore, the claims are frivolous and are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**B. Failure to State a Claim**

Lewis raises a number of claims against the defendants Warden Thomas L. Carroll ("Warden Carroll"), Charles Benton ("Benton"), and Dr. Cannolly ("Dr. Cannolly") which do not sufficiently allege a deprivation of a right secured by the constitution. Lewis alleges he was: a) denied daily access to hygiene products; b) denied daily recreation; c) denied twenty-four hour mental health therapy or counseling; and, d) had his mattress taken from him daily from 6:00 am to 10:00 AM when other patients did not. (D.I. 4, II.)

In order to state a claim under § 1983, Lewis must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. 42 U.S.C. § 1983; *See Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996). None of the foregoing claims rise to the level of a constitutional violation. The claims are frivolous and are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**C. Access to Courts**

Lewis alleges that Warden Carroll and Deputy Warden Pierce ("Pierce") allowed funds to be withdrawn from his inmate account for legal postage fees even though the DCC inmate handbook[1] indicates that the State will pay legal postage fees. (D.I. 4, IV.) Lewis alleges that, as a result, he is unable to use his funds to purchase commissary products.

Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977). This may require the state to shoulder expenses

---

[1]Lewis provided the inmate handbook as an exhibit. The table of contents indicates that the subject of "mail" is found on pages eleven through fourteen. Only page eleven was provided.

to ensure prisoners have meaningful access to the courts. *Id.* at 824. The inquiry is whether the prisoner is granted "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 825. Accordingly, a state must provide prisoners an opportunity to send legal papers. *See id.* This does not mean, however, that prisoners have a constitutional right to unlimited free postage. *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989); *King v. Atiyeh,* 814 F.2d 565, 568 (9th Cir. 1987); *Chandler v. Coughlin,* 763 F.2d 110, 114 (2d Cir. 1985); *Hoppins v. Wallace*, 751 F.2d 1161, 1162 (11th Cir. 1985); *Twyman v. Crisp,* 584 F.2d 352, 359 (10th Cir. 1978); *Bach v. Coughlin,* 508 F.2d 303, 307 (7th Cir. 1974). The question is whether a prisoner is denied a reasonable or meaningful opportunity to access the courts. *Bounds,* 430 U.S. at 825; *White,* 886 F.2d at 723; *King,* 814 F.2d at 568; *Chandler,* 763 F.2d at 114.

Lewis has not alleged that he has been unable to pursue any legal proceeding because of the cost of stamps. Rather, he asserts that by being required to use his own funds, he is being deprived of the ability to purchase items from the commissary. Therefore, this aspect of Lewis' denial of access to the courts claim against Warden Carroll and Pierce is dismissed.

Lewis alleges that Warden Carroll only permitted him to purchase 12" by 9" manilla envelopes. He further alleges that, because of his indigent status, he was not allowed to purchase a larger manila envelope required to hold the voluminous documents to be filed in his post-conviction appeal. Lewis alleges prejudice because this requirement delayed his ability to send his post-conviction appeal prior to the filing deadline. As to these allegations, Lewis will be allowed to proceed against Warden Carroll for a denial of access to the court claim.

**D. Classification**

Lewis alleges that the defendants Warden Carroll, Dr. Bolanda ("Dr. Bolanda"), and Major Holman ("Holman") conducted a classification meeting which sent him back to the disciplinary housing unit.[2] (D.I. 4, III. p.4.) Lewis alleges that he was not mentally fit to be housed in the disciplinary housing unit. Initially, the court notes that inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Moreover, neither Delaware law nor Delaware Department of Correction regulations create a liberty interest in a prisoner's classification within an institution. *See* 11 Del. Code Ann. § 6529(e). "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)).

It has thus been determined that the transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,'" even though the change in status involves a significant modification in conditions of confinement. *Hewitt*, 459 U.S. at 468 (citation omitted); *Moody v. Daggett*, 429 U.S. 78 (1976 ); *see also Lott v. Arroyo,* 785 F.Supp. 508, 509 (E.D. Pa. 1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work release program); *Brown v. Cunningham,* 730 F.Supp. 612 (D. Del. 1990) (plaintiff's transfer from general population to administrative

---

[2]Lewis also refers to Mr. Ahmad, but he is not named as a defendant.

segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest). Based upon the foregoing, the court concludes that Lewis' reclassification contention fails to state a claim upon which relief may be granted, and therefore, it is dismissed.

**E. Grievances**

Lewis alleges that the defendant, Rosalie Vargas ("Vargas"), violated his constitutional rights when Lewis told Vargas he needed to speak to a nurse, and needed toilet paper, but rather than meeting his requests, she told him he would be receiving a major write-up. He alleges this resulted in his being discharged from Level I to Level II and/or discharged from the infirmary altogether. (D.I. 4, III. p. 3.) The complaint does not allege that Lewis was seeking medical treatment, only that he wished to speak to a nurse. Also, while it appears that Lewis was reassigned to a different housing unit as a result of the occurrence, as discussed above, he has no legitimate statutory or constitutional entitlement to any particular custodial classification. The foregoing allegations do not rise to the level of a constitutional violation, and are, therefore, dismissed as frivolous.

Lewis also alleges that on numerous occasions Vargas issued him disciplinary charges without first consulting with Lewis' psychiatrist to determine if a disciplinary sanction would be appropriate or interfere with Lewis' mental health treatment or his overall rehabilitative therapy. (D.I. 4, IX, XI, XIII, XV.) Like the other allegations raised against Vargas, these claims are also frivolous. Lewis does not allege that the disciplinary charges were unwarranted or false. Moreover, "maintaining institutional security and preserving internal order and discipline" are the central goals of prison administration. *Bell v. Wolfish*, 441 U.S. 520, 546 (1979). The

issuance of disciplinary charges falls within the realm of maintaining and preserving internal order and discipline. The court is unaware of any case law which requires a corrections officer to consult with an inmate's physician before issuing that inmate a disciplinary charge.

**F. Personal Property/Retaliation**

Lewis alleges that the defendant C/O Buckley[3] ("Buckley") packed and inventoried his personal property upon his transfer to the Special Needs Unit. Lewis alleges, however, that Buckley did not pack and/or inventory his General Electric radio and that Buckley's actions were taken in retaliation for lawsuits Lewis filed against prison officials. (D.I. 4, ¶ III.) Lewis further alleges that at the time of the radio incident he had filed a lawsuit against Warden Rafael Williams and numerous corrections officers. Id. The complaint alleges that Lewis was questioned by Buckley about the number of officers in the complaint and told Lewis he should "just drop the suit, because this is there [sic] house, and something may mysteriously happen to you." Id.

A prisoner's due process claim based on random and unauthorized deprivation of property by a state actor is not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available. *See Parratt v. Taylor,* 451 U.S. 527, 542 (1981), *overruled on other grounds by,* 474 U.S. 327 (1986); *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). The plaintiff can, if he wishes, file a claim in state court for conversion of property. Inasmuch as Delaware law provides an adequate remedy for plaintiff, he cannot maintain a cause of action pursuant to § 1983. *See Hudson,* 468 U.S. at 535; *Nicholson v. Carroll*, 390 F.Supp. 2d 429, 435 (D. Del. 2005); *Acierno v. Preit-Rubin, Inc.*, 199 F.R.D. 157

---

[3]Docketed as Buckle.

(D. Del. 2001) (other citations omitted). The taking of property claim lacks an arguable basis in law or in fact and must, therefore, be denied as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Under the First Amendment, prisoners have a fundamental right to access to the courts. *See Wolff v. McDonnell*, 418 U.S. 539, 579 (1974) (extending right of access to the courts, founded on the Due Process Clause, to prisoners filing actions under 42 U.S.C. § 1983 to vindicate "basic constitutional rights"). "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon,* 897 F.2d 103, 111-12 (3d Cir. 1990). Accordingly, Lewis may proceed against Buckley to the extent he alleges a taking of his property in retaliation for filing a lawsuit against correction officers.

**IV. CONCLUSION**

For the above stated reasons, the court finds that certain claims raised by Lewis are factually and legally frivolous making their dismissal appropriate while other claims raised by Lewis are cognizable. An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

April 18, 2007
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 06-778-GMS |
| | ) | |
| THOMAS L. CARROLL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

At Wilmington this 18th day of April, 2007, for the reasons set forth in the Memorandum issued this date,

1. The following claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1):

a. The plaintiff's claims against the defendants Imad Jarwan and Olufemi Adesemolu; and, they are dismissed as defendants;

b. The plaintiff's claims against Warden Thomas L. Carroll, Charles Benton, and Dr. Cannolly for denial of daily access to hygiene products and recreation, denial of twenty-four hour mental health therapy or counseling, and the daily removal of a mattress for a four hour period;

c. The plaintiff's claim for unconstitutional reclassification against the defendants Warden Thomas L. Carroll, Dr. Bolanda, and Major Holman; and, Dr. Bolanda and Major Holman are dismissed as defendants;

d. The plaintiff's disciplinary charges claims against C/O Rosalie Vargas; and, she is dismissed as a defendant;

e. The plaintiff's claim against C/O Buckle for taking his radio; and

f. The postage issue access to the courts claim against Warden Thomas L. Carroll and Deputy Warden Pierce; and, Deputy Warden Pierce is dismissed as a defendant.

2. The court has identified several cognizable claims which Lewis may pursue. Lewis may proceed with the following claims:

a. Eighth Amendment medical claims against the defendants Warden Thomas L. Carroll, Charles Benton, Dr. Cannolly, Dr. Durst, Dr. Rogers, and Sgt. Cain;

b. First Amendment access to courts claim against the defendants Warden Thomas L. Carroll, Charles Benton, and Dr. Cannolly;

c. Eighth Amendment excessive force claims against the defendants Officer Jelliffe[4], Nurse Mary Snider, and Sgt. Gwendolyn Everett;

d. Fourteenth Amendment due process claims against the defendants Dr. Cannolly, Nurse Mary Snider, Lt. Larry Savage, and Lt. Ralph Heverin; and

e. Retaliation claim against the defendant C/O Buckle.

IT IS FURTHER ORDERED that:

1. The Clerk of the Court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **the defendants Warden**

---

[4]Docketed as Telliffe.

**Thomas L. Carroll, Dr. Cannolly, Dr. Rogers, Dr. Durst, Lt. Ralph Heverin, Sgt. Gwendolyn Everett, C/O Telliffe, Sgt. Cain, Mary Snider, Charles Benton, and C/O Buckle** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). **Additionally, the plaintiff shall provide the court with one copy of the complaint (D.I. 2) and the statement of facts (D.I. 4) for service upon each of the defendants listed above. The plaintiff is notified that the United States Marshal will not serve the complaint and the statement of facts until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for the defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, amended complaint and second amended complaint this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

UNITED STATES DISTRICT JUDGE

FILED
APR 18 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE