IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-778-GMS |
| | ) |
| THOMAS L. CARROLL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

The plaintiff, Jimmie Lewis ("Lewis"), a prisoner housed at the John L. Webb Correctional Facility, Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. When the lawsuit was initiated Lewis proceeded *pro se,* and he was granted leave to proceed *in forma pauperis*. (D.I. 6.) Lewis is now represented by appointed counsel. (D.I . 23, 32.) The court recently conducted a screening of the complaint and several defendants and claims have been dismissed. On April 5, 2007, Lewis filed a petition for writ of mandamus for preliminary injunction in accordance to Fed. R. Civ. P. 65 which the court construes as a motion for injunctive relief.[1] (D.I. 9.) Lewis also filed a second request for leave to proceed *in forma pauperis*. (D.I. 8.) The motion is moot since Lewis was previously granted leave to proceed *in forma pauperis. See* D.I. 6.

Initially, the court notes that much of the pending motion is identical to Lewis' complaint, and it seeks much of the same relief as that sought in his civil rights complaint. More particularly, Lewis' motion for injunctive relief asks for a full and complete physical by a disinterested physician not affiliated with the Delaware Department of Correction ("DOC"); a CT

---

[1] The motion did not meet the filing requirements of Fed. R. App. P. 21.

scan or an MRI scan; an interstate transfer to New Jersey, North Carolina, or Pennsylvania; expungement of incident and/or disciplinary reports obtained in violation of Lewis' constitutional rights; copies of Lewis' medical records; that defendants and all those acting in concert with them be enjoyed from threatening Lewis with punishment, penalty, reprisals, retaliation, or harassment; a copy of any audio or video recordings of Lewis; psychotherapy from a disinterested psychologist not presently affiliated with the DOC; waiver of Lewis' postal debt and/or that twenty percent of the funds he receives be withdrawn for the postal debt; three-ply No. 584 grievance forms; three-ply No. 34 pay to's form; three-ply No. 263 sick call slips forms; that defendants provide the court with complete disclosure of grievances Lewis filed to verify he has exhausted his administrative remedies as required by the Prison Litigation Reform Act; that defendants provide the court with a complete disclosure of incident and/or disciplinary reports filed regarding Lewis to verify and/or point out facts of Lewis' claim as well as to point out alleged constitutional violations; a General Electric radio with speaker; no restrictions on indigent supplies; mental health clinicians on duty twenty-four hours per day at all DOC penal institutions; and suicide footwear, suicide blankets, daily access to hygiene products, daily recreation, emergency telephone calls to attorneys and/or family, and for inmates "prescribed to be on psych close observation watch" in the infirmaries at certain DOC penal institutions.

    When considering a motion for a temporary restraining order or preliminary injunction, the court determines: (1) the likelihood of success on the merits; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "[A]n injunction may not be

used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)(quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). It is the plaintiff's burden, in seeking injunctive relief, to show a likelihood of success on the merits. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 90 (3d Cir. 1992).

      Lewis seeks an injunction on issues that are not amenable to the grant of such relief. As discussed above, many of Lewis' contentions duplicate allegations made in his complaint, and certain of those claims have been dismissed by the court. Lewis also seeks injunctive relief to preclude defendants from threatening him with punishment, penalty, reprisals, retaliation, or harassment. The foregoing are all possible future injuries where injunctive relief is not generally not available. Additionally, Lewis uses the motion to request the production of documents. Lewis is no stranger to litigation and it is well-known to him that the appropriate avenue for discovery is by way of the Federal Rules of Civil Procedure and, if necessary, rulings by the court. Finally, injunctive relief is not appropriate even for his most serious request, seeking medical care. The attachments to his motion clearly indicate that Lewis receives medical and mental treatment, albeit not to his liking or by the providers he desires.

      Upon review of the pleadings, the court finds that Lewis is not entitled to injunctive relief. In reviewing Lewis' litany of complaints, it is evident he is terribly unhappy with his

current situation. Nonetheless, in seeking injunctive relief Lewis has not met his burden to show a likelihood of success on the merits nor do his filings demonstrate that at the present time he is in danger of suffering irreparable harm. Accordingly, the court will deny his motion for injunctive relief.

    NOW THEREFORE, IT IS HEREBY ORDERED that:

    1. The second request for leave to proceed *in forma pauperis*. (D.I. 8) is denied as moot.

    2. The motion for injunctive relief (D.I. 9) is denied.

_____
UNITED STATES DISTRICT JUDGE

_June 14_, 2007
Wilmington, Delaware



FILED

JUN 1 8 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE