IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-778-GMS |
| | ) |
| THOMAS L. CARROLL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 17th day of June, 2007;

The plaintiff, Jimmie Lewis ("Lewis"), a prisoner housed at the John L. Webb Correctional Facility, Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. When the lawsuit was initiated Lewis proceeded *pro se,* and he was granted leave to proceed *in forma pauperis*. (D.I. 6.) Lewis is now represented by appointed counsel. (D.I . 23, 32.) Pending before the court is Lewis' motion for order to compel defendant Thomas A. Carroll ("Warden Carroll") to place plaintiff Jimmie Lewis into protective custody, which the court construes as a motion for injunctive relief. (D.I. 10). The parties have not yet been served, and therefore, the court ordered Warden Carroll to respond to the motion. (D.I. 19.) His response was filed on May 11, 2007, and Lewis filed a reply on May 15, 2007. (D.I. 26, 27.)

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and

'should be granted only in limited circumstances.'" *Id.* (citations omitted).

Lewis asserts that his life and safety are in jeopardy and that his food has been adulterated. He asks the court to order his placement in protective custody. He also asks he be allowed to obtain his legal papers and radio and that a television be provided to him. Finally, he asks that his meals be doubled wrapped in cellophane and that he receive his daily snack as ordered by his psychiatrist. Warden Carroll responds that Lewis was placed in protective custody, upon his request, on April 20, 2007, and he remained there until May 4, 2007. (D.I. 25.) Lewis was transferred to the infirmary on May 4, 2007, and as of May 11, 2007, continued to be housed in the infirmary. Warden Carroll states that upon his release from the infirmary Lewis will be transferred back to protective custody. Lewis acknowledges that he is currently housed in the infirmary. He states he has been told the wait to enter protective custody is one year but that his "short term release date" is December 9, 2007. He argues that because of this, Warden Carroll cannot provide him protective custody when other inmates are in that classification.

Upon review of the allegations made by Lewis, the court concludes that he has not demonstrated the likelihood of success on the merits. To the extent that Lewis' claims are based upon his security classification, in Delaware, inmates have no constitutionally protected interest in their classification. *Riley v Snyder,* 72 F.Supp.2d 456, 460 (D. Del. 1999); *Carrigan v. State of Delaware*, 957 F.Supp. 1376, 1385 (D. Del. 1997). Nor has Lewis established a threat of irreparable harm. Indeed, he was placed in protective custody upon his request, remained there for a short period of time, and is now housed in the infirmary. Moreover, Warden Carroll indicates Lewis will be returned to protective custody when he is released from the infirmary. As to the third prong, in light of the fact that Lewis' request goes directly to the manner in which the Delaware Department of Correction operates it prison, an injunction would substantially harm

the defendants. *See Carrigan v. State of Delaware*, 957 F.Supp. 1376, 1385 (D. Del. 1997). Finally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Id.* Accordingly, based upon the foregoing analysis, Lewis' motion for injunctive relief (D.I. 10) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE



FILED

JUN 1 8 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE