UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

JIMMIE LEWIS,                  )

                                )      Case No. 06-778 (GMS)

             Plaintiff,     )      JURY TRIAL DEMANDED

        v.                  )

                                )

THOMAS L. CARROLL, DR. CANNULLI,)

DR. ROGERS, DR. DURST, LT. LARRY  )

SAVAGE, LT. RALPH HEVERIN, SGT.   )

GWENDOLYNN EVERETTE, C/O      )

TELLIFFE, SGT. CAIN, MARY SNIDER, )

CHARLES BENSON, C/O BUCKLE    )

                                )

            Defendants.    )

--------------------------------------------------------

## DEFENDANT MARY SNYDER, R.N.'S
## ANSWER TO COMPLAINT

Defendant Mary Snyder, R.N.[1] ("Answering Defendant") opposes Plaintiff's request for a Preliminary Injunction. Answering Defendant has no ability or authority to provide him with his demands numbered 1, 3, 4, 5, 6, or 7, and has, at all times, provided to Plaintiff proper health care.

"[T]he grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.' " *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 800 (3d Cir.1989) (quoting *Frank's GMC Truck Center, Inc. v. General Motors Corp.,* 847 F.2d 100, 102 (3d Cir.1988)). In ruling on a preliminary injunction, the Court must consider: 1) the likelihood of success on the merits; 2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; 3) the extent to which the defendant will suffer irreparable harm if the requested relief is granted; and 4)

---

[1] Improperly identified in Plaintiff's pleadings as "Mary Snider".

the public interest. *See Clean Ocean Action v. York,* 57 F.3d 328, 331 (3d Cir.1995). An injunction should only issue if all four factors favor injunctive relief. *See S & R Corp. v. Jiffy Lube Intern., Inc.,* 968 F.2d 371, 374 (3d Cir.1992). Plaintiff does not carry this burden and so the Motion should be denied. Plaintiff is not likely to prevail on the merits of his claims against Nurse Snyder, who he claims improperly retrained and injected him. The medical records support the orders given by the physician, which Nurse Snyder carried out. She had no reason to question the orders, given Mr. Lewis's behavior. Secondly, there is no allegation of any "ongoing" behavior from which Nurse Snyder should be restrained to prevent "irreparable harm" to the plaintiff. Preventing Nurse Snyder from following the physicians' orders will prevent her from providing medical care to the inmates, which will lead to further harm in the form of future law suits and will not further the public interest in providing health care to prisoners. Accordingly, with not one factor favoring injunctive relief, Plaintiff's Motion should be denied.

As to the specific allegations of Plaintiff's Complaint, Answering Defendant states as follows:

I A.    To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and so they are denied. The allegations of this paragraph are further denied to the extent they are not consistent with facts contained in the Plaintiff's medical records. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or thoughts or actions of persons other than herself. Denied as to any civil rights or constitutional violation.

I B.    To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied. The allegations of this paragraph are denied to the extent they are not consistent with facts contained in the Plaintiff's medical records. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or actions of persons other than herself. Admitted that Answering Defendant injected Plaintiff pursuant to doctor's orders.  Denied that Answering Defendant was negligent, reckless, or deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation.  Denied as to any civil rights or other constitutional violation.

I C.    To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and so they are denied. The allegations of this paragraph are further denied to the extent they are not consistent with facts contained in the Plaintiff's medical records.  Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or actions of persons other than herself.  Denied that Answering Defendant was negligent, reckless, or deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation.

II.    To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and so they are denied.  It appears the allegations of this paragraph are not directed toward Answering Defendant, and so no response is required.  To the extent the allegations o this paragraph are directed toward Answering Defendant, they are further denied to the extent they are not consistent with facts contained in the Plaintiff's medical records, which speak for themselves.    Answering Defendant is without

information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or actions of persons other than herself. Denied that Answering Defendant was negligent, reckless, or deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation. Denied as to any civil rights or other constitutional violation.

III A.  To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied. The allegations of this paragraph are not directed toward Answering Defendant.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent they are not consistent with facts contained in the Plaintiff's medical records.  Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or actions of persons other than herself.

III B.  To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied. The allegations of this paragraph are not directed toward Answering Defendant.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent they are not consistent with facts contained in the Plaintiff's medical records.  Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or actions of persons other than her.

III C.  To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied. The allegations of this paragraph are not directed toward Answering Defendant.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent they are not

consistent with facts contained in the Plaintiff's medical records.  Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or actions of persons other than her.

III D.   To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied. The allegations of this paragraph are not directed toward Answering Defendant.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent they are not consistent with facts contained in the Plaintiff's medical records.  Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or actions of persons other than her.

III E.   To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied. The allegations of this paragraph are not directed toward Answering Defendant.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent they are not consistent with facts contained in the Plaintiff's medical records.  Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or actions of persons other than her.

III F.    To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied. The allegations of this paragraph are not directed toward Answering Defendant.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent they are not consistent with facts contained in the Plaintiff's medical records.  Answering Defendant

is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or actions of persons other than her.

III G.   To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied. The allegations of this paragraph are not directed toward Answering Defendant.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent they are not consistent with facts contained in the Plaintiff's medical records.  Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or actions of persons other than her. Denied that Answering Defendant was negligent, reckless, or deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation. Denied at to any civil rights or constitutional rights violations by Answering Defendant.

III H.   To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied. The allegations of this paragraph are denied to the extent they are not consistent with facts contained in the Plaintiff's medical records. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or actions of persons other than her.  Denied that Answering Defendant was negligent, reckless, or deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation. Denied as to any civil rights or other constitutional violation.

III I.    To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied. The allegations of this paragraph are denied to the extent they are not consistent with facts contained in the Plaintiff's medical records.

Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or actions of persons other than her.

III J.    To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied. The allegations of this paragraph are denied to the extent they are not consistent with facts contained in the Plaintiff's medical records. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or actions of persons other than her.   Denied that Answering Defendant failed to provide adequate healthcare to Plaintiff.   Denied that Answering Defendant was negligent, reckless, or deliberately indifferent.  Denied as to any civil rights or other constitutional violation.

IV.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

V.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

VI.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

VII.    To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or thoughts or actions of persons other than her.  To the extent the allegations of this paragraph are not directed toward Answering Defendant, no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records. Denied as to the existence of any serious medical need, injury or causation.  Denied as to any civil rights or other constitutional violation.

VIII.   The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.  Denied that Answering Defendant was negligent, reckless, or deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation. Denied as to any civil rights or other constitutional violation.

IX.     To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.  Denied that Answering Defendant was negligent, reckless, or deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation.  Denied as to any civil rights or other constitutional violation.

X.      The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are

directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

XI.     To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or thoughts or actions of persons other than her.  To the extent the allegations of this paragraph are not directed toward Answering Defendant, no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.  Denied that Answering Defendant was negligent, reckless, or deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation.  Denied as to any civil rights or other constitutional violation.

XII.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

XIII.   To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or thoughts or actions of persons other than her.  To the extent the allegations of this paragraph are not directed toward Answering Defendant, no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's

medical records. Denied that Answering Defendant was negligent, reckless, or deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation. Denied as to any civil rights or other constitutional violation by Answering Defendant.

XIV. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required. To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

XV. To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied. Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or thoughts or actions of persons other than her. To the extent the allegations of this paragraph are not directed toward Answering Defendant, no response is required. To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records. Denied that Answering Defendant was negligent, reckless, or deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation. Denied as to any civil rights or other constitutional violation by Answering Defendant.

XVI. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required. To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

XVII.  The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.  Denied that Answering Defendant was negligent, reckless, or deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation. Denied as to any civil rights or other constitutional violation by Answering Defendant.

XVIII. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records. Denied that Answering Defendant was negligent, reckless, or deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation. Denied as to any civil rights or other constitutional violation by Answering Defendant.

XIX.   The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.  Denied that Answering Defendant was negligent, reckless, or deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation. Denied as to any civil rights or other constitutional violation by Answering Defendant.

XX.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are

directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records. Denied that Answering Defendant was negligent, reckless, or deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation. Denied as to any civil rights or other constitutional violation by Answering Defendant.

XXI. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required. To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records. Denied that Answering Defendant was negligent, reckless, or deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation. Denied as to any civil rights or other constitutional violation by Answering Defendant.

XXII. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required. To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records. Denied that Answering Defendant was negligent, reckless, or deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation. Denied as to any civil rights or other constitutional violation by Answering Defendant.

XXIII. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required. To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records. Denied that Answering Defendant was negligent, reckless, or

deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation. Denied as to any civil rights or other constitutional violation by Answering Defendant.

### ADDITIONAL DEFENSES

1.     Plaintiff fails to state a claim upon which relief can be granted.

2.     Answering Defendant was not deliberately indifferent to any serious medical need.

3.     Plaintiff fails to state a claim against Answering Defendant for medical negligence.

4.     To the extent Plaintiff states a claim for medical negligence, such claim is barred by Plaintiff's failure timely to file an affidavit of merit pursuant to 18 *Del. C.* § 6853.

5.     Plaintiff's claims are barred by the statute of limitations.

6.     Answering Defendant's actions or omissions did not cause any harm to Plaintiff.

7.     Plaintiff fails adequately to plead a claim for punitive damages.

8.     Answering Defendant provided Plaintiff with medical care that was appropriate for his conditions and which met the applicable standard of care.

9.     Plaintiff has failed to exhaust his administrative remedies.

10.    Plaintiff's injuries, if any, resulted from a superseding, intervening cause.

11.    Plaintiff's injuries, damages or claims are the result of a pre-existing condition not caused by any action or omission of Answering Defendant.

12.    Plaintiff's injuries, losses, or damages, if any, were the direct, sole and proximate result of activities or conduct of persons or entities for whom Answering Defendant is not responsible and over whom Answering Defendant had no authority or control.

13.    Plaintiff's claims are barred by failure of service, by failure of service of process, lack of subject matter and/or personal jurisdiction.

14.    Plaintiff's claims may be barred or limited by the provisions in the United States Civil Rights Act, as discovery may show.

15.    Plaintiff's claims may otherwise be barred by 28 U.S.C. §1915.

16.    Plaintiff's claims may be barred or limited by contributory/comparative negligence.

17.    Plaintiff failed to mitigate his damages.

18.    Plaintiff's injuries, losses, or damages, if any, were the direct, sole and proximate result of activities or conduct of persons or entities for whom Answering Defendants were not responsible and over whom Answering Defendants had no authority or control.

19.    Answering Defendants, at all times material to the allegations in the Complaint, acted in good faith and with the reasonable belief, both objective and subjective, that their actions were lawful and not in violation of the rights of Plaintiff under the Constitution and laws of the United States and/or the State of Delaware.

20.    Plaintiff's injuries were caused or exacerbated by his own conduct.

21.    Answering Defendant hereby adopts any and all additional defenses hereinafter asserted by his co-defendants.

22.    Answering Defendant reserves the right to assert additional defenses in the future to the extent warranted by discovery.

## <u>CROSS CLAIM FOR CONTRIBUTION</u>

23.    Answering Defendant denies that he is liable in any measure to Plaintiff.  If, however, Answering Defendant is held to answer to Plaintiff under the allegations in

Plaintiff's Complaint, then Answering Defendant is entitled to indemnification and/or contribution from co-defendants Carroll, Savage, Heverin, Everette, Tellife, Cain, Benson, and Buckle for any amount which she might be required to pay to Plaintiff.

### ANSWER TO ALL PRESENT AND FUTURE CROSS-CLAIMS

24.     Answering Defendant denies all cross-claims asserted against her now or hereinafter.

WHEREFORE, Answering Defendant Mary Snyder, R.N., improperly identified as "Mary Snider", respectfully requests entry of judgment in her favor and against Plaintiff together with costs and attorneys' fees and such other relief as this Honorable Court deems just and appropriate.

BALICK & BALICK, LLC


_____/s/ James E. Drnec_____
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant Mary Snyder, R.N.

Date:  October 3, 2007

## <u>CERTIFICATE OF SERVICE</u>

I, James Drnec, hereby certify that on the 3rd day of October 2007, the foregoing

Defendant Mary Snyder, R.N.'s Answer to the Complaint was filed via CM/ECF and served

First Class Mail upon the following:

Mr. Jimmie Lewis
SBI#506622
Delaware Psych Center
Mitchell Building
1901 N. Dupont Hwy
New Castle, DE 19720

Erika Yvonne Tross, Esquire
Delaware Department of Justice
Civil Division
820 North French Street, 6th Floor
Wilmington, DE 19801

<u>       /s/ James E. Drnec       </u>
James E. Drnec, Esquire (#3789)