UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

JIMMIE LEWIS,                    )

                                 )    Case No. 06-778 (GMS)

           Plaintiff,      )    JURY TRIAL DEMANDED

      v.                    )

                                 )

THOMAS L. CARROLL, DR. CANNULLI,)

DR. ROGERS, DR. DURST, LT. LARRY  )

SAVAGE, LT. RALPH HEVERIN, SGT.   )

GWENDOLYNN EVERETTE, C/O       )

TELLIFFE, SGT. CAIN, MARY SNIDER, )

CHARLES BENSON, C/O BUCKLE     )

                                 )

          Defendants.     )

---------------------------------------------------------

## DEFENDANT JOHN DURST, M.D.'S
## ANSWER TO COMPLAINT

As a preliminary matter, defendant John Durst, M.D. ("Answering Defendant") opposes Plaintiff's request for a Preliminary Injunction. First, Answering Defendant has no ability or authority to provide Plaintiff with his demands numbered 1, 3, 4, 5, 6, 7, or 8. Second, Answering Defendant has at all times provided to Plaintiff proper medical care. Third, Plaintiff has failed to prove his entitlement to any award of money damages.

*Opposition to Motion for TRO/PI*

"[T]he grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.' " *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 800 (3d Cir.1989) (quoting *Frank's GMC Truck Center, Inc. v. General Motors Corp.,* 847 F.2d 100, 102 (3d Cir.1988)). In ruling on a preliminary injunction, the Court must consider: 1) the likelihood of success on the merits; 2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; 3) the extent to which the defendant will suffer

irreparable harm if the requested relief is granted; and 4) the public interest. *See Clean Ocean Action v. York,* 57 F.3d 328, 331 (3d Cir.1995). An injunction should only issue if all four factors favor injunctive relief. *See S & R Corp. v. Jiffy Lube Intern., Inc.,* 968 F.2d 371, 374 (3d Cir.1992).

Plaintiff's "Motion" consists of a single page with a list of demands, and not one word in support of the relief he seeks and, accordingly, should be denied as it fails to demonstrate a likelihood of success on the merits, does not show how Plaintiff is irreparably harmed or how the public interest will be furthered.  Plaintiff does not carry this burden and so the Motion should be denied.  If the Court finds in Plaintiff's papers sufficient grounds to consider the relief requested, Answering Defendant requests Notice and an opportunity to reply on the merits.

As to the specific allegations of Plaintiff's Complaint, Answering Defendant states as follows:

I A.    To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and so they are denied.  The remaining allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

I B.    To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and so they are denied.  The remaining allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

I C.    To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and so they are denied. The allegations of this paragraph are further denied to the extent they are not consistent with facts contained in the Plaintiff's medical records.

II.      To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and so they are denied.  The remaining allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

III A.   To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied. The allegations of this paragraph are denied to the extent they are not consistent with facts contained in the Plaintiff's medical records. Denied that Answering Defendant was negligent, reckless, or deliberately indifferent. Denied as to the existence of any serious medical need, injury or causation.  Denied at to any civil rights or constitutional rights violations by Answering Defendant.

III B.   To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and they are denied. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent they are not consistent with facts contained in the Plaintiff's medical records.  Answering Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning conversations with or actions of persons other than him.

III C.   To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and so they are denied.  The remaining allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

III D.   To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and so they are denied.  The remaining allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

III E.   To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and so they are denied.  The remaining allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

III F.    To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and so they are denied.  The remaining allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

III G.   To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and so they are denied.  The remaining allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

III H.   To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and so they are denied.  The remaining allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

III I.    To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and so they are denied.  The remaining allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

III J.    To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and so they are denied.  The remaining allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

IV.     To the extent the allegations of this paragraph constitute conclusions of law, no response is required, and so they are denied.  The remaining allegations of this paragraph are not directed toward Answering Defendant and so no response is required.

V.      The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward

Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

VI.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.   To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

VII.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.   To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

VIII.   The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.   To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

IX.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.   To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

X.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.   To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

XI.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

XII.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

XIII.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

XIV.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

XV.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

XVI.    The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward

Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

XVII.   The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.   To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

XVIII. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.   To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

XIX.   The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.   To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

XX.     The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.   To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

XXI.   The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.   To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

XXII.  The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

XXIII. The allegations of this paragraph are not directed toward Answering Defendant and so no response is required.  To the extent the allegations of this paragraph are directed toward Answering Defendant, they are denied to the extent inconsistent with the Plaintiff's medical records.

## **ADDITIONAL DEFENSES**

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      Answering Defendant was not deliberately indifferent to any serious medical need.

3.      Plaintiff fails to state a claim against Answering Defendant for medical negligence.

4.      To the extent Plaintiff states a claim for medical negligence, such claim is barred by Plaintiff's failure timely to file, or seek an extension to file, an affidavit of merit pursuant to 18 *Del. C.* § 6853.

5.      Plaintiff's claims are barred by the statute of limitations.

6.      Answering Defendant was not acting under color of State or Federal law.

7.      Plaintiff fails adequately to plead a claim for punitive damages.

8.      Answering Defendant provided Plaintiff with medical care that was appropriate for his conditions and which met the applicable standard of care.

9.      Plaintiff's injuries, if any, resulted from a superseding, intervening cause.

10.     Plaintiff's injuries, damages or claims are the result of a pre-existing condition not caused by any action or omission of Answering Defendant.

11.     Plaintiff's injuries, losses, or damages, if any, were the direct, sole and proximate result of activities or conduct of persons or entities for whom Answering Defendant was not responsible and over whom Answering Defendant had no authority or control.

12.     Answering Defendant, at all times material to the allegations in the Complaint, acted in good faith and with the reasonable belief, both objective and subjective, that his actions were lawful and not in violation of the rights of Plaintiff under the Constitution and laws of the United States and/or the State of Delaware.

14.     Answering Defendant is entitled to good faith immunity.

15.     Plaintiff's claims may be barred or limited by the provisions in the United States Civil Rights Act, as discovery may show.

16.     Plaintiff's claims may otherwise be barred by 28 U.S.C. §1915.

17.     Plaintiff's claims may be barred or limited by contributory/comparative negligence.

18.     Plaintiff failed to mitigate his damages.

19.     Plaintiff's claims are barred by failure of service, by failure of service of process, lack of subject matter and/or personal jurisdiction.

20.     Answering Defendant hereby adopts any and all additional defenses hereinafter asserted by his co-defendants.

21.     Answering Defendant reserves the right to assert additional defenses in the future to the extent warranted by discovery.

## ANSWER TO ALL PRESENT AND FUTURE CROSS-CLAIMS

22.     Answering Defendant denies all cross-claims asserted against him now or hereinafter.

WHEREFORE, Answering Defendant John Durst, M.D., respectfully requests entry of judgment in his favor and against Plaintiff together with costs and attorneys' fees and such other relief as this Honorable Court deems just and appropriate.

BALICK & BALICK, LLC


_____/s/ James E. Drnec_____
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant John Durst, M.D.

Date:   December 7, 2007

<u>**CERTIFICATE OF SERVICE**</u>

I, James Drnec, hereby certify that on the 29th day of October 2007, the foregoing Defendant Mary Snyder, R.N.'s Withdrawal of Crossclaims was filed via CM/ECF and served First Class Mail upon the following:

Mr. Jimmie Lewis
SBI#506622
Delaware Psych Center
Mitchell Building
1901 N. Dupont Hwy
New Castle, DE 19720

Erika Yvonne Tross, Esquire
Delaware Department of Justice
Civil Division
820 North French Street, 6th Floor
Wilmington, DE 19801


_____/s/ James E. Drnec_____
James E. Drnec, Esquire (#3789)