# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 06-778-GMS |
| v. | ) | |
| | ) | Jury Trial Requested |
| | ) | |
| THOMAS L. CARROLL, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## STATE DEFENDANT THOMAS CARROLL'S JOINDER IN MEDICAL DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR PRELIMINARY INJUNCTION AND RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR A PRELIMINARY INJUNCTION [RE: D.I. 60 & 61]

COMES NOW, State Defendant Thomas Carroll[1] ("State Defendant Carroll"), by and through his undersigned counsel, and hereby joins in Defendants Anthony Cannuli, M.D., John Durst, M.D., Dale Rogers, M.D., and Mary Snider, R.N.'s Opposition to Plaintiff's Amended Motion for Preliminary Injunction (D.I. 63) and incorporates herein by reference the facts as stated by the medical defendants as it relates to the medical care and mental health treatment the Plaintiff is receiving. In addition, State Defendant Carroll responds in opposition (the "Response") to the non-medical claims in Plaintiff's Second Motion for Injunctive Relief (D.I. 60 & 61) as follows:

---

[1] State Defendant Carroll is the only State Defendant who has entered an appearance in this matter. The other State Defendants who have been served with the Complaint have not entered their appearance in light of the stay ordered by the Court.

1.      Plaintiff Jimmie Lewis ("Lewis" or "Plaintiff") is an inmate presently incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware.  He is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2.      On December 20, 2006, Lewis filed a complaint and a statement of facts against numerous defendants, including State Defendant Carroll, alleging that the defendants violated a number of his constitutional rights (the "Complaint") (D.I. 2, 4).

3.      Prior to serving the defendants with the Complaint, on April 13, 2007, Lewis filed with the Court his Motion for Order to Compel Defendant Thomas L. Carrol [sic] to Place Plaintiff Jimmie Lewis into Protective Custody (the "First Motion for Injunctive Relief").  (D.I. 10).  State Defendant Carroll responded in opposition to the First Motion for Injunctive Relief on May 11, 2007.  (D.I. 25).  The Court denied Lewis's First Motion for Injunctive Relief on June 18, 2007.  (D.I. 34).

4.      On July 10, 2007, the Court entered an order referring Plaintiff's case to the Federal Civil Panel for representation.  (D.I. 40).  The Court also ordered the case stayed pending the referral and instructed the parties not to file any pleadings during the pendency of the stay.  (*Id.*).

5.      On or about June 6, 2007, Lewis was transferred, for the second time, to the Delaware Psychiatric Center ("DPC") for psychological testing and evaluation. Doctors at DPC diagnosed Lewis with Malingering and Antisocial Personality Disorder. (Exhibit A).  He was considered a "manipulative patient" and "[h]is history suggest[ed] that he has invoked the issue of mental illness in the past to gain an advantage."  (*Id.*). Moreover, Lewis was deemed a danger because he is "capable of manipulative action in

order to achieve a desired result." (*Id.*). Psychological testing revealed that Lewis was "feigning or exaggerating psychotic symptoms." (*Id.*).

6.      Six months following his admission into DPC, on December 14, 2007, Lewis was transferred back to the DCC. Upon his return to prison, in accordance with instructions from DPC, Lewis was immediately admitted into the Infirmary. (Exhibit B). Lewis was uncooperative at the time of his admission and refused to allow the intake nurse to examine him. (Exhibit C). Lewis, however, did not complain of any injuries. (*Id.*).

7.      On December 15, 2007, mental health staff interviewed and observed Lewis. The staff person noted that he believed Lewis "would do anything at this point" to get himself back to DPC. (Exhibit D).

8.      Shortly after his arrival at DCC, Lewis began to display his manipulative, antisocial behavior. On January 14, 2008, Lewis was seen "wiping feces on the walls of his cell." (Exhibit E). Lewis was given a write up for the incident on charges of disorderly or threatening behavior, creating a health, safety or fire hazard, and failing to obey an order. (*Id.*). He later pled guilty to the charges and received 15 days in isolated confinement. (*Id.*).

9.      Less than one month later, on February 9, 2008, two officers were conducting security checks on Lewis's tier. As they approached Lewis's cell, Lewis got off his bed and came "to the door masturbating". (Exhibit F). Lewis was given a write up for indecent exposure and disrespect. (*Id.*). The indecent exposure charge was later changed to sexual misconduct and Lewis was sanctioned to 15 days in isolated confinement. (*Id.*).

10.     On February 26, 2008, Lewis's deviant behavior escalated.     At approximately 10:50 p.m., Lewis began to state that he was depressed and having suicidal thoughts.  (Exhibit G).  Sergeant Walter Dymowski went to Lewis's cell and informed him that he was going to call the nurse.  Lewis stated that "she could not do anything for him and he did not want to talk to her."  (*Id.*).  Sergeant Dymowski then went to call a lieutenant and, as he was doing so, noticed Lewis grab a bed sheet and take it towards the window in his cell.  Sergeant Dymowski then ordered two officers to observe Lewis in his cell.  (*Id.*).  Lewis was removed from his cell and taken to a holding cell in Building 20 and seen by a nurse.  (*Id.*).  The nurse interviewed Lewis and contacted the mental health staff.  (*Id.*).  A few hours later, on the early morning of February 27, 2008, Lewis was moved to an interview room on the D Tier in Building 17 and put on Suicide Watch. (Exhibit H).

11.     At approximately 8:55 a.m. on the morning of February 27, mental health staff came to Building 17, cleared Lewis and told correctional officers to place Lewis back in his cell on the A Tier of Building 17.  (Exhibit I).  Officers then removed Lewis from the D-Tier Interview Room and placed him in his cell on the A Tier.  Less than three hours later, at approximately 11:25 a.m., Lewis started flooding his cell and parts of the tier by placing something down the toilet in his cell.  (*Id.*).  Fifteen minutes later, water came pouring out of the cell and Lewis began hitting the glass panel on his cell door.  Lewis shattered the cell door window, ripped the sink off the cell wall and smeared feces in his cell.  (*Id.*).  Lewis was immediately transferred from Building 17 to Building 20 where he was evaluated by medical staff.  (Exhibit J).  The medical staff cleared Lewis to go to administrative segregation and officers then escorted Lewis to the C Tier

of Building 18 – administrative segregation.  (*Id.*).  Lewis received a write up for the incident and was sanctioned to 15 days in isolated confinement and loss of 50 good time days.  (Exhibit K).

12.     On March 12, 2008, Lewis was transferred out of administrative segregation to the A Tier of Building 17.  (Exhibit B).  Lewis is still incarcerated on this tier.  (*Id.*).

13.     Less than three months after his arrival at DCC, Lewis filed the Second Motion for Preliminary Injunction.  (D.I. 60 & 61).  In the Second Motion Lewis makes three claims.  First, Lewis asserts that he was "assaulted" by the officers that transported him from DPC to DCC.  (D.I. 61 at ¶ 2).  Second, he claims that on February 27, 2008 he was placed in a barbershop for 24 hours with handcuffs, shackles and a black box because "the plaintiff requested to be placed onto the protective custody unit."  (D.I. 60 at ¶ 3).  Finally, Lewis asserts his safety is in jeopardy because another inmate in a cell next to his was given a knife by an officer and "a DCC correctional officer was placed into SHU 18 C Lower 9 Cell."  (D.I. 61 at ¶ 6, 7).

14.     Despite Lewis's bald assertions, the record clearly shows that Lewis was neither assaulted nor injured during his transport from DPC to DCC.  Further, Lewis did not complain of any injuries upon his arrival at DCC.  The evidence also shows that Lewis's constitutional rights have not been violated and his life has not been placed in jeopardy.  In light of the facts of this case, Lewis's past manipulative behavior, and the statements made herein, the Second Motion for Injunctive Relief should be denied.

15.    A grant of injunctive relief is an extraordinary remedy.  Thus a request for injunctive relief should only be granted in limited circumstances.  *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

16.    The Third Circuit holds that a district court should grant a request for preliminary injunction only if "(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest."  *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998).  An injunction should only issue if all four factors favor relief.  *See S & R Corporation v. Jiffy Lube International, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992).

17.    To obtain a preliminary injunction Lewis must satisfy all four factors.  If he cannot prove that he has a likelihood of success on the merits of his claims or that he is likely to suffer irreparable injury, the request for preliminary injunction should be denied.  *See Instant Air*, 882 F.2d at 800.

I.    **Lewis Cannot Satisfy His Burden For Injunctive Relief Because He Cannot Prove He Is Likely To Succeed On The Merits Of His Claims.**

18.    Lewis makes a number of allegations regarding the alleged treatment he has received since his return to DCC.  Lewis's assertions are nothing more than fabrications and an attempt to be transferred back to DPC.  Because Lewis has no support for his false claims, he is unlikely to succeed on the merits of his allegations and the Second Motion for Injunctive Relief should be denied.

A.    **Lewis cannot satisfy his claim of excessive force where he was not assaulted or injured during the transport from DPC to DCC.**

19.    Lewis first claims that the officers who transported him from DPC to DCC used excessive force on him during the transport.  To establish a claim for excessive force, a plaintiff must prove the existence of an "objective" element – that he was subjected to the unnecessary and wanton infliction of pain – and a "subjective" element – that the defendant had a culpable state of mind at the time of the alleged deprivation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

20.    In this case Lewis cannot meet his burden of proof.  The record shows that almost two months after his arrival at DCC, Lewis, for the first time, filed a grievance alleging that he had been injured during the transport from DPC to DCC.  (Exhibit L). Despite the fact that Lewis was transported on December 14, 2007, he lied and listed the date of the occurrence as February 2, 2008.  (*Id.*).  DCC officials conducted a thorough investigation into Lewis's allegations and found that Lewis appeared to be making a false claim because "the staff involved [in the transport] did not bring his personal property from DPC and [at the time of his transfer, Lewis] did not see a court order for him to be returned to DCC."  (*Id.*).  This is further supported by the fact that the first paragraph of Lewis's Motion does not state that he was assaulted by the transporting officers, but rather states that the officers "transfer[red] me back to the Del. Corr. Center 'without an official court order stating that the Plaintiff's treatment their [sic] was complete, ….'" (D.I. 60 at ¶ 1).  Thus Lewis lied about being assaulted because he was angry at being transported back to DCC.

21.    Further, nothing in the record indicates that Lewis was ever injured or hurt during the transport.  When Lewis arrived at DCC he refused to allow medical staff to

evaluate him.  (Exhibit C).  Lewis never voiced any complaints to the medical staff nor did he claim that he had been assaulted or suffered an injury.  (*Id.*).  Thus there is no medical support for Lewis's claim of injury.

22.    Lewis has no proof that he was subjected to the unnecessary and wanton infliction of pain during his transport from DPC to DCC.  Moreover Lewis cannot show that the transporting officers used force for the very purpose of causing harm.  Therefore Lewis is unlikely to succeed on the merits of his excessive force claim and his request for injunctive relief with respect to this claim should be denied.

**B.    Lewis cannot support an excessive force claim for the actions that occurred on February 27, 2008, where he cannot show that the restraints used on him were used for the purpose of causing harm.**

23.    Lewis next claims that on February 27, 2008 he was handcuffed and shackled with the black box "for twenty four hours because the plaintiff requested to be placed onto the protective custody unit."  (D.I. 60 at ¶ 3).  As previously stated, to support a claim of excessive force an inmate must show that he was subject to the wanton and unnecessary infliction of pain.  *Wilson*, 501 U.S. at 298.  Lewis cannot meet this test.

24.    The facts show that on February 26, 2008, Lewis informed guards that he was depressed and was having suicidal thoughts.  (Exhibit G).  Officers immediately took action and contacted a lieutenant and a nurse on duty.  (*Id.*).  While the officers sought assistance, Lewis began fashioning a noose out of a bed sheet.  Officers then removed Lewis from his cell and transported him to another cell where he was observed and interviewed by medical staff.  (*Id.*).

25.    The next day, after being cleared by the mental health staff, Lewis was transferred back to his cell.  While in his cell, Lewis placed something in the toilet and

flooded his cell and parts of the tier.  (Exhibit I).  Lewis then shattered the glass on his cell door, ripped the sink from the cell wall and smeared feces throughout the cell.  (*Id.*). After his tirade, Lewis was escorted to Building 20 where he was evaluated by medical staff.  (*Id.*).  Officers then took Lewis to administrative segregation – not the barbershop – where he was housed for 15 days as a result of his deviant behavior.  (*Id.*).  Nothing in the record shows that Lewis was handcuffed and shackled for 24 hours as a result of requesting placement in protective custody.

26.     To the extent Lewis was restrained for 24 hours, the use of restraints was not for the purpose of causing harm, but to restore order to an unruly inmate.  Inmates who are a danger to themselves or others or who destroy state property are sometimes restrained for a period of time to prevent further harm or damage.  In this instance, Lewis was spreading feces around his cell – a danger to the health of Lewis and others.  In addition he had flooded his cell, broken the glass on his cell door window and ripped the sink from the cell wall.  Thus, if restraints were used for 24 hours, the restraints was clearly necessary to restore order to an inmate who was causing harm to himself and others and was destroying state property.

27.     Moreover, Lewis has not provided any proof that the restraints caused him injury.  Lewis's medical records show that medical and mental health staff evaluated him several times from February 26 to February 28.  (Exhibit M).  Nothing in these records, however, indicates that Lewis was harmed or injured as a result of being restrained.  In fact, the records state that Lewis was "looking well" and had "no acute distress".  (*Id.*). Moreover Lewis never filed a sick call slip stating that he suffered injury to his wrists or

hands as a result of the use of restraints.  Clearly Lewis has no evidence to support his claims.

28.    The force used in this case was not malicious and sadistic for the very purpose of causing harm.  Rather the use of restraints was a direct result of the harmful, destructive acts of an inmate on a rampage.  In light of the circumstances in which the restraints were used and considering that Lewis had no injuries as a result of the use of restraints, Lewis cannot support a claim for violation of his Eighth Amendment rights.  Therefore the Second Motion for Injunctive Relief should be denied as to this claim.

**C.    DCC officials have not placed Lewis's life or safety in jeopardy.**

29.    Finally, Lewis contends that Lieutenant Peter Forbes gave a knife or shank to another inmate – Samuel Harris – who was transferred to administrative segregation and placed in the cell next to his.  Lewis appears to allege that the item was given to Inmate Harris for the purpose of causing him harm.

30.    Lieutenant Forbes never gave Inmate Harris a knife, shank or other tool for the purpose of harming or killing Inmate Lewis.  (Exhibit N at ¶ 5).  Moreover, inmates in administrative segregation do not have any contact with one another; therefore Lewis was not in danger of being contacted or harmed by Inmate Harris.  (*Id.* at ¶ 4).

31.    Lewis never provides an explanation for why Lieutenant Forbes or Inmate Harris would want to cause him harm.  Lieutenant Forbes never had any direct interaction with Lewis prior to February 27, 2008.  Therefore there is no reason to believe that Lieutenant Forbes would want to have Lewis harmed or killed.  Lewis's assertions are nothing more than fabrications and conspiracy theories and he cannot succeed on the merits of his claim.

32. Given that Lewis cannot succeed on the merits of any of his claims, he cannot satisfy the first factor for injunctive relief and this Court should deny the Second Motion for Injunctive Relief.

## II. Lewis Will Not Suffer Irreparable Injury If His Request For Injunctive Relief Is Denied.

33. Injunctions are not issued to eliminate a possibility of a remote future injury. *Id.* Rather, an injunction is used where the movant has shown that he "is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). To demonstrate irreparable injury a plaintiff must prove "more than a risk of irreparable harm …." *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980). Injunctive relief is used to prevent definite future harms, not to remedy past violations. *See SEC v. Bonastia*, 614 F.2d 908, 912 (3d Cir. 1980).

34. Plaintiff cannot prove that he will suffer irreparable injury if his requests for relief are denied. There is no evidence to support Lewis's allegations or to show that his life is in jeopardy. Further, Lewis is no longer incarcerated in administrative segregation (*See* Exhibit B) and he has not shown that he will have any contact with Inmate Harris in the future.

35. The record shows that Lewis is a very manipulative individual. He has lied, claimed to be psychotic, displayed deviant behavior, caused harm to others and even threatened to take his own life to get what he desires. Lewis's latest motion is filled with lies in an attempt to get a transfer back to DPC. Lewis cannot prove that he has suffered

or will suffer harm at the hands of the defendants.  Therefore his request should be denied.

WHEREFORE, State Defendant Carroll respectfully requests that this Honorable Court deny Plaintiff's Second Motion for Injunctive Relief.

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Carvel State Office Building, 6th Floor
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
Attorney for State Defendant Thomas Carroll

Dated: April 11, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 06-778-GMS |
| v. | ) | |
| | ) | Jury Trial Requested |
| | ) | |
| THOMAS L. CARROLL, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Upon the Plaintiff's Second Motion for Injunctive Relief (D.I. 60 & 61), and State Defendant Thomas Carroll's Joinder in Medical Defendants' Response in Opposition to Plaintiff's Amended Motion for Preliminary Injunction and Response in Opposition to Plaintiff's Second Motion for Injunctive Relief; and it appearing that good and sufficient notice of Plaintiff's Motion and State Defendant Carroll's Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion is **DENIED**.

SO ORDERED this _____ day of _____, 2008.

_____
The Honorable Gregory M. Sleet
United States District Court Judge

## <u>CERTIFICATE OF SERVICE</u>

I, Erika Y. Tross, Esq., hereby certify that on April 11, 2008, I caused a true and correct copy of the attached *State Defendant Thomas Carroll's Joinder in Medical Defendants' Response in Opposition to Plaintiff's Amended Motion for Preliminary Injunction and Response in Opposition to Plaintiff's Second Motion for Injunctive Relief [Re: D.I. 60]* to be served on the following individuals in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

**<u>Via First Class Mail</u>**
Inmate Jimmie Lewis
SBI # 506622
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977


**<u>Via Electronic Delivery
& First Class Mail</u>**
James E. Drnec, Esq.
Balick & Balick, LLC
711 King Street
Wilmington, DE 19801



*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

# EXHIBIT B

Delaware Department of Correction - [Offender Housing Details and History - MOV_OHDH ] - Offender Housing Details and History Report Created on Thursday March 27, 2008 15:18

| Select Offender SBI Number | | Name | | | R/S | SENTAC | Sec/Cust |
|---|---|---|---|---|---|---|---|
| PO | | | Location | | Multi Status | Location | |
| PO | | | | | | | |
| 00506622 | | LEWIS | JIMMY | | B | V | |
| | | | DCC - 02 | M | N | | |
| | | | | | | | |

| Bed | Facility | Tier / Pod | Building | |
|---|---|---|---|---|
| Cell | Wing / Unit | Floor | Bed Type | Date Entered |
| Time Entered | Date Departed | Time Departed | Comments | |
| Single | DCC Delaware Correctional Center | Tier A | Bldg 17 | |
| Cell 1 | | Lower | | 03/12/2008 |
| 23:11 | | | | |
| Single | DCC Delaware Correctional Center | Tier C | Bldg 18 | |
| Cell 7 | | Lower | | 02/27/2008 |
| 13:12 | 02/27/2008 | 13:12 | | |
| Single | DCC Delaware Correctional Center | Tier C | Bldg 18 | |
| Cell 5 | | Lower | | 02/27/2008 |
| 13:12 | 03/12/2008 | 23:11 | | |
| Single | DCC Delaware Correctional Center | Tier A | Bldg 17 | |
| Cell H | | Lower | | 01/22/2008 |
| 13:38 | 02/27/2008 | 13:12 | | |
| Single | DCC Delaware Correctional Center | Tier D | Bldg D/Infirmary | |
| Cell 197 | | | | 01/12/2008 |
| 11:44 | 01/22/2008 | 13:38 | | |
| Single | DCC Delaware Correctional Center | D/Observation | Bldg D/Infirmary | |
| Cell 185 | | | | 12/14/2007 |
| 14:41 | 01/12/2008 | 11:44 | | |

# EXHIBIT E

| Incident# | | |
|---|---|---|
| **1049309** | | |

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone#: 302-653-9261**

Date: 04/07/2008

# INCIDENT REPORT

| Group#: N/A | Type: Inmate Involved | Incident Date: 01/14/2008 | Time: 20:10 | Confidential: No |
|---|---|---|---|---|

**Facility:** DCC  Delaware Correctional Center                                      Followup Required : No

**Associated Disciplinary Report #(s)** 1037387

**Incident Location:** D/INFIRMARY

**Location Description:** CELL-197

**Violated Conditions:** 1.06/200.203 Disorderly or Threatening Behavior
                          2.03/200.106 Creating a Health, Safety or Fire Hazard
                          2.06/200.108 Failing to Obey an Order

**Description of Incident:**
On above date and approximate time Inmate Lewis,Jimmy#506662 was observed wiping feces on the walls of his cell. It appears he was writing the name of the mental health person Linda Blowey, and then wrote CMS. I C/O Michael. Scott asked him why he did it he stated (I cant get a phone call and im being locked up like a animal). LT Orlando Dejesus was notified and talked to Inmate Jimmy Lewis and after the LT left the Inmate continues to bang on his metal table that is located in his cell and has put a fluid substance on the outside of his door.

| Injured Persons | Hospitalized | | Nature Of Injuries |
|---|---|---|---|
| N/A | N/A | N/A | |

**Evidence Type:** N/A                                                   Date Collected: N/A

**Discovered By :** N/A                              Secured By: N/A

**Type of Force Used** [ ]   PHYSICAL   [ ]   CHEMICAL [ ]   STUN  [ ]   OTHER   [ ]   CAPSTUN  [X]   NONE

**Restraints Used**      : N/A

**Immediate Action Taken:**
notified area LT. 404, 122.

| Individuals Involved | | | |
|---|---|---|---|
| **Person Code** | **Name** | **SBI#** | **Title** |
| Inmate | Jimmy, Lewis | 00506622 | N/A |
| Staff | Orlando, Dejesus | N/A | Staff Lt./Lt |
| Staff | C. Michael, Scott | N/A | Correctional Officer |

**Reporting Officer:** Scott, C. Michael  (Correctional Officer)       **Entered By:** Scott, C. Michael  (Correctional Officer)

| Approval Information | | | |
|---|---|---|---|

| X  Approved | ☐ Disapproved  Date: 01/14/2008  Approved by: Dejesus, Orlando   (Staff Lt./Lt) |
|---|---|

**Comments:**

| Disciplinary#<br>1037387 | DCC Delaware Correctional Center<br>Smyrna Landing Road<br>SMYRNA DE, 19977<br>Phone No. 302-653-9261 | Date:  04/07/2008 |
|---|---|---|

# DISCIPLINARY REPORT

| Disciplinary Type: Class1 | Housing Unit Bldg 17 | IR#: 1049309 |
|---|---|---|

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|---|---|---|---|---|---|
| 00506622 | Lewis, Jimmy | DCC | D/INFIRMARY | 01/14/2008 | 20:10 |

**Violations:** 1.06/200.203 Disorderly or Threatening Behavior, 2.03/200.106 Creating a Health, Safety or Fire Hazard, 2.06/200.108 Failing to Obey an Order

**Witnesses:** 1. N/A          2. N/A          3. N/A

## Description of Alleged Violation(s)

On above date and approximate time Inmate Lewis,Jimmy#506662 was observed wiping feces on the walls of his cell. it appears he was writing the name of the mental health person Linda Blowey, and then wrote CMS. I C/O Michael. Scott asked him why he did it he stated( I cant get a phone call and im being locked up like a animal). LT Dejesus was notified and talked to Inmate Jimmy Lewis and after the LT left the Inmate continues too bang on his metal table that is located in his cell. and has put a fluid substance on the outside of his door.

**Reporting Officer:** Scott, C. Michael  (Correctional Officer)

## Immediate Action Taken

**Immediate action taken by:** Scott, C. Michael  -Correctional Officer

Notified Area Lt. Wrote 122, 404

## Offender Disposition Details

**Disposition:** N/A          **Date:** N/A          **Time:** N/A          **Cell secured?** No

**Reason:** N/A

**Disposition Of Evidence:** N/A

## Approval Information

**Approved:** [x]     **Disapproved:** [ ]   **Approved By:** Dejesus, Orlando  (Staff Lt./Lt)

**Comments:** Inmate Refusing To Talk To Me About This Write Up At This Time

## Shift Supervisor Details

**Date Received:** 01/14/2008          **Time:** 22:49          **Received From:** Dejesus, Orlando

**Shift Supervisor Determination:**

[]  Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]  Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing.

Dejesus, Orlando  (Staff Lt./Lt)

I have received a copy of this notice on **DATE:**_____ **TIME:** _____ and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

**Preliminary Hearing Officer:** _____     **Offender:** _____
                    Dejesus, Orlando                                                    Lewis, Jimmy

| DR# | |
|---|---|
| 1037387 | |

Date: 04/07/2008

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

## DISCIPLINARY HEARING DECISION

| Inmate  :  Lewis, Jimmy | SBI#:00506622 | Type: Class 1 |
|---|---|---|

| Institution:DCC  Delaware Correctional Center | Hearing Date:01/25/2008 | Time: 09:35 |
|---|---|---|

Inmate Present: Yes      Reason(If No): N/A

Violation: ,  1.06/200.203  Disorderly  or  Threatening  Behavior,  2.03/200.106  Creating  a  Health,  Safety  or  Fire  Hazard, 2.06/200.108 Failing to Obey an Order

Inmate PLEA: Guilty

Inmate Statement:  N/A

Decision  : Guilty

Rational  : Per report and plea inmate found guilty of all charges.

Sanctions: N/A

**HEARING OFFICER'S SIGNATURE** _____

Savage, Larry

I understand that I may appeal the decision of a Class II Hearing  to the Class I Hearing  Officer.I may appeal the decision of a Class I Hearing  to the facility administrator.I also understand that I have 72 hours to submit my notice of appeal in writing to the Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

I  [X]    DO     [ ]    DO NOT INTEND TO APPEAL        _____
                                                      **INMATE's SIGNATURE**

## ORDER TO IMPLEMENT SANCTIONS

| [X]   Inmate does not wish to appeal | [ ]   Appeal has been denied by Commissioner or Designate |
|---|---|
| [ ]   Sanctions have been modified | [ ]   Time Limit(72 Hours since hearing) for appeal has expired |

**It is here by ordered to implement the sanctions:**

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Isolated Confinement | | 15 | |

# EXHIBIT F

| Incident# | DCC  Delaware Correctional Center | Date: 04/07/2008 |
|---|---|---|
| 1050172 | Smyrna Landing Road | |

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone#: 302-653-9261**

# INCIDENT REPORT

**Group#:** N/A        **Type:** Inmate Involved        **Incident Date:** 02/09/2008        **Time:** 00:40        **Confidential:** No

**Facility:** DCC  Delaware Correctional Center                              **Followup Required :** No

**Associated Disciplinary Report #(s)** 1038139

**Incident Location:** Bldg.17 A Tier

**Location Description:** Bldg.17 A Tier H/C Cell

**Violated Conditions:** /200.224 Indecent Exposure
                                      2.05 Disrespect

**Description of Incident:**

On the above date and time I, Cpl. Nanette Bordley, along with Officer Charles Pitts was on A tier conducting security checks when I observed inmate Lewis, Jimmy #506622 get off his bed and come to the door masturbating while I was looking in his cell with a flash light.  I informed inmate Lewis of his forthcoming write up for disrespect and indecent exposure.  There was no further incident.  EOR

| Injured Persons | Hospitalized | Nature Of Injuries | |
|---|---|---|---|
| N/A | N/A | N/A | |

**Evidence Type:** N/A                                                  **Date Collected:** N/A

**Discovered By :** N/A                                        **Secured By:** N/A

**Type of Force Used** [] PHYSICAL   [] CHEMICAL [] STUN [] OTHER  [] CAPSTUN [X]  NONE

**Restraints Used    :** N/A

**Immediate Action Taken:**

I informed the said inmate of his forth coming write up and notified my lead worker Lt. Barlow.

| Individuals Involved | | | |
|---|---|---|---|
| **Person Code** | **Name** | **SBI#** | **Title** |
| Inmate | Jimmy, Lewis | 00506622 | N/A |
| Staff | Nanette, Bordley | N/A | CO Corporal/Sgt. - Large Inst. |
| Staff | Charles, Pitts L Jr | N/A | Correctional Officer |

**Reporting Officer:** Bordley, Nanette  (Co Corporal/Sgt. - Large Inst.)        **Entered By:** Bordley, Nanette  (Co Corporal/Sgt. - Large Inst.)

| Approval Information | | | |
|---|---|---|---|
| [X]  Approved   [ ] Disapproved   **Date:** 02/09/2008   **Approved by:** Barlow, John   (Staff Lt./Lt) | | | |

**Comments:**

| Disciplinary# |
|---|
| 1038139 |

Date: 04/07/2008

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

# DISCIPLINARY REPORT

Disciplinary Type: Class2                    Housing Unit  Bldg 17                    IR#: 1050172

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|---|---|---|---|---|---|
| 00506622 | Lewis, Jimmy | DCC | Bldg.17 A Tier | 02/09/2008 | 00:40 |

Violations: 2.05 Disrespect, /200.224 Indecent Exposure

Witnesses:1.Bordley, N            2. N/A                    3. N/A

### Description of Alleged Violation(s)

On the above date and time I, Cpl. Nanette Bordley, along with Officer Charles Pitts was on A tier conducting security checks when I observed inmate Lewis, Jimmy #506622 get off his bed and come to the door masturbating while I was looking in his cell with a flash light.  I informed inmate Lewis of his forthcoming write up for disrespect and indecent exposure.  There was no further incident. EOR

Reporting Officer: Bordley, Nanette  (CO Corporal/Sgt. - Large Inst.)

### Immediate Action Taken

Immediate action taken by:  Bordley, Nanette  -CO Corporal/Sgt. - Large Inst.

I Informed Said Inmate Of His Forth Coming Write Up, And I Informed My Lead Worker Lt. Barlow.

### Offender Disposition Details

Disposition:N/A                    Date:N/A            Time: N/A            Cell secured?  No

Reason: N/A

Disposition Of Evidence: N/A

### Approval Information

Approved: [x]        Disapproved: [  ]  Approved By:Barlow, John  (Staff Lt./Lt)

Comments: N/A

### Shift Supervisor Details

Date Received: 02/09/2008        Time: 02:11        Received From: Barlow, John

Shift Supervisor Determination:

[ ]    Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]    Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing.

Barlow, John  (Staff Lt./Lt)

I have received a copy of this notice on **DATE:**_____  **TIME:** _____  and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

Preliminary Hearing
Officer: _____        Offender: _____
         Barlow, John                              Lewis, Jimmy

| DR# |
| --- |
| 1038139 |

Date: 04/07/2008

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

## DISCIPLINARY HEARING DECISION

| Inmate : Lewis, Jimmy | SBI#:00506622 | Type:Class 2 |
| --- | --- | --- |

**Institution:**DCC  Delaware Correctional Center     **Hearing Date:**02/20/2008     **Time:** 10:00

**Inmate Present:** No     **Reason(If No):**Inmate refused to attend hearing. Witnessed by Sgt Travis

**Violation:** , /200.224 Indecent Exposure, 2.05 Disrespect

**Inmate PLEA: Not Guilty**
**Inmate Statement:** N/A

**Witness Name:** Bordley, N
**Testimony :** N/A

**Decision :**Guilty
**Rational :**Indecent exposure change to 1.25 Sexual Misconduct.  Inmate found guilty of 1.25 and 2.05.
**Sanctions:** N/A

**HEARING OFFICER'S SIGNATURE** _____

Savage, Larry

I understand that I may appeal the decision of a Class II Hearing  to the Class I Hearing  Officer.I may appeal the decision of a Class I Hearing  to the facility administrator.I also understand that I have 72 hours to submit my notice of appeal in writing to the Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

**I  [X]   DO       [ ]    DO NOT INTEND TO APPEAL**       _____

**INMATE's SIGNATURE**

## ORDER TO IMPLEMENT SANCTIONS

| [] | Inmate does not wish to appeal | [ ] | Appeal has been denied by Commissioner or Designate |
| --- | --- | --- | --- |
| [ ] | Sanctions have been modified | [X] | Time Limit(72 Hours since hearing) for appeal has expired |

**It is here by ordered to implement the sanctions:**

| Sanctions | Start Date | Days | End Date |
| --- | --- | --- | --- |
| 1. Isolated Confinement | | 15 | |

**Page 1 of 1**

# EXHIBIT G

| Incident# | | |
|---|---|---|
| 1050789 | | |

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone#: 302-653-9261**
Date: 04/07/2008

# INCIDENT REPORT

| Group#: N/A | Type: Inmate Involved | Incident Date: 02/26/2008 | Time: 22:50 | Confidential: No |
|---|---|---|---|---|

**Facility:** DCC  Delaware Correctional Center
**Followup Required :** No
**Incident Location:** Bldg.17 A Tier
**Location Description:** A HC
**Violated Conditions:** Other
**Description of Incident:**

On the above date at approxamately 2250 hours Sgt. Dymowski was informed by C/O Lee that I/M Jimmy Lewis SBI 506622 stated that he was having suicidal thoughts. When  Sgt. Dymowski went to talk to I/M Lewis he stated that he was depressed and again stated to Sgt. dymowski that he was having suicidal thoughts. When I informed I/M Lewis that I would call the nurse he stated that she could not do anything for him and he did not want to talk to her. I then informed I/M Lewis that I was going to Call Lt Forbes and as I was departing the area noticed I/M Lewis grab his bed sheet and take it towards the window in the cell as if he was going to tie it off to the handicap railing. When I was speaking to Lt Forbes I, noticed I/M Lewis cover His window and Immediately ordered C/O Odarious and C/O Lee to go onto A tier and observe I/M Lewis until Lt Forbes and I arrived. When I and Lt Forbes opened "A" H/C cell I Noticed I/M Lewis had wrapped his sheet up tightly and appeared to be making a makeshift noose. I/M lewis was handcuffed and shackled and taken to SHU- 20 Holding Area to be seen by the nurse. Nurse Bristol interviewed I/M Lewis and contacted Mental Health. He was not kept in 17 A interview room due to water leaking from ceiling onto the floor.

| Injured Persons | Hospitalized | Nature Of Injuries | |
|---|---|---|---|
| N/A | N/A | N/A | |

| **Evidence Type:** N/A | | **Date Collected:** N/A |
|---|---|---|
| **Discovered By :** N/A | **Secured By:** N/A | |

**Type of Force Used  [X]  PHYSICAL   [ ]   CHEMICAL [ ]    STUN [ ]    OTHER   [ ]  CAPSTUN [ ]    NONE**
**Restraints Used     :** Handcuffs and shackles
**Immediate Action Taken:**
Notified area lt, Nurse and mental health. Escorted I/M to bldg 20 and completed paperwork.

## Individuals Involved

| Person Code | Name | SBI# | Title |
|---|---|---|---|
| Staff | Walter, Dymowski | N/A | Correctional Officer |
| Staff | Joseph, Lee L | N/A | Correctional Officer |
| Staff | Jean, Odaris E | N/A | Correctional Officer |
| Inmate | Jimmy, Lewis | 00506622 | N/A |
| Staff | Marcia, Bristol | N/A | Contractors - Medical |

**Reporting Officer:** Dymowski, Walter  (Correctional Officer)       **Entered By:** Dymowski, Walter  (Correctional Officer)

## Approval Information

| X | Approved | | Disapproved | **Date:** 02/26/2008 | **Approved by:** Forbes, Peter   (Staff Lt./Lt) |
|---|---|---|---|---|---|

**Comments:**

# EXHIBIT H

| Incident# | |
|---|---|
| 1050795 | |

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone#: 302-653-9261**

Date: 04/07/2008

## INCIDENT REPORT

| | | | |
|---|---|---|---|
| Group#: N/A | Type: Inmate Involved | Incident Date: 02/27/2008 | Time: 00:30    Confidential: No |

**Facility:** DCC  Delaware Correctional Center                          **Followup Required :** No
**Incident Location:** Bldg.20 Lobby
**Location Description:** Holding Cells
**Violated Conditions:**
**Description of Incident:**
Inmate Jimmy Lewis SBI # 00506622 was left in  Building 18 Holding Cell by 0400-1200  Shift, Inmate had threatened to harm himself, Mental health was called and is arranging room in Infirmary. At 0030 Inmate was moved to Building 17 D-Interview room and Put on Suicide Watch. Captain Burton directed Lt. Fritsch to put lmate Lewis on Suicide Watch and assigned  CO Eark Orth to stand watch on Inmate. Incident Report # 1050789 done by CO Walter Dymowski attached to report.

| Injured Persons | Hospitalized | | Nature Of Injuries |
|---|---|---|---|
| N/A | N/A | N/A | |

| | | |
|---|---|---|
| **Evidence Type:** N/A | | **Date Collected:** N/A |
| **Discovered By :** N/A | **Secured By:** N/A | |

**Type of Force Used**   [ ]    PHYSICAL    [ ]    CHEMICAL [ ]    STUN  [ ]    OTHER    [ ]    CAPSTUN  [X]    NONE
**Restraints Used**   : Cuffs and Shacles  standard Procedure for inamate movement in SHU

**Immediate Action Taken:**
Moved Inmate to Building 17 DInterview Room with Co Earl Orth assigned to Suicide Watch

| Individuals Involved | | | |
|---|---|---|---|
| Person Code | Name | SBI# | Title |
| Inmate | Jimmy, Lewis | 00506622 | N/A |
| Staff | Earl, Orth J IV | N/A | Correctional Officer |
| Staff | James, Fritsch A | N/A | Staff Lt./Lt |

**Reporting Officer:** Wrong Id Entered, Fritsch, James A (Staff Lt./Lt)      **Entered By:** Wrong Id Entered, Fritsch, James A (Staff Lt./Lt)

| Approval Information | |
|---|---|

[X]   Approved   [ ] Disapproved   **Date:** 02/27/2008   **Approved by:** Wrong Id Entered, Fritsch, James A  (Staff Lt./Lt)
**Comments:**

# EXHIBIT I

| Incident# | | Date: 04/07/2008 |
|---|---|---|
| 1050817 | **DCC  Delaware Correctional Center** | |

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone#: 302-653-9261**

## INCIDENT REPORT

| Group#: N/A | Type: Inmate Involved | Incident Date: 02/27/2008 | Time: 11:25 | Confidential: No |
|---|---|---|---|---|

**Facility:** DCC  Delaware Correctional Center      **Followup Required :** No

**Associated Disciplinary Report #(s)** 1038667

**Incident Location:** Bldg.17 A Tier

**Location Description:** inside and outside A H/C

**Violated Conditions:** 1.04/200.209 Damage or Destruction of Property (Over $10)
1.06/200.203 Disorderly or Threatening Behavior
2.01/200.105 Abuse of Privileges
2.03/200.106 Creating a Health, Safety or Fire Hazard
2.04/200.107 Damage or Destruction Under $10
2.05 Disrespect
2.06/200.108 Failing to Obey an Order
Disorderly behavior
Engaging in disruptive behavior
Other

**Description of Incident:**
On the above date & time I/M Jimmy Lewis 00506622, started flooding out his cell and parts of A-Tier by placing something down the tiolet in his cell. Later, within fifteen(15) minutes water started pouring out of his cell A H/C onto A-Tier, and he(Lewis) started hitting the glass panel that is in his cell door. He shattered the cell door window, and ripped out the sink in his cell (A H/C) causing extensive damage. Also, there was glass shattered all about the cell, from the I/M using the sink to shatter the glass.This along with the feces that was in/about his cell. Sergeant K. Travies (the OIC), with C/Os T. Lindsey, E. Barnhart, M. Bass along with Lieutenant James Satterfield escorted I/M Jimmy Lewis 00506622 out of Building 17 to Building 18 C-Tier lower 5 cell.
Mental Health Mr. Gibbs this morning came into Building 17 at 0855 hours, and told staff to place I/M Jimmy Lewis back in his cell (A H/C). So the I/M was taken out of D-Tier interview room and placed in his cell A H/C.
Lieutenant James Satterfield, came into building 17 at 1232 hours to remove, I/M Jimmy Lewis 506622. Mental Health adivsed staff to take the I/M  to building 18 C-Tier lower 5 cell.
Due to the extensive damage caused to A H/C cell, the I/M  Jimmy Lewis 506622, should be charged and forced to pay for this damage.

| Injured Persons | Hospitalized | Nature Of Injuries |
|---|---|---|
| N/A | N/A | N/A |
| | N/A | |

**Evidence Type:** sink and window and all the parts were taken by maintenance      **Date Collected:** 02/27/2008

**Discovered By :**, N/A      **Secured By :**, N/A

**Type of Force Used** [ ]   PHYSICAL   [ ]   CHEMICAL [ ]   STUN [ ]   OTHER   [ ]   CAPSTUN [X]   NONE

**Restraints Used**      : N/A

**Immediate Action Taken:**
The I/M Jimmy Lewis 506622 was taken from building 17 to building 18 Cl-5 cell, after breaking the window and ripping out his sink.

| Individuals Involved | | | |
|---|---|---|---|
| Person Code | Name | SBI# | Title |
| Inmate | Jimmy, Lewis | 00506622 | N/A |
| Staff | Keshaw, Travies D | N/A | Correctional Officer |
| Staff | Tina, Linsey M | N/A | Correctional Officer |
| Staff | Elizabeth, Barnhart A | N/A | Correctional Officer |
| Staff | Mandriel, Bass | N/A | Correctional Officer |

**Reporting Officer:** Travies, Keshaw D (Correctional Officer)      **Entered By:** Pierce, George M (Correctional Officer)

| Incident#<br>1050817 | DCC  Delaware Correctional Center<br>Smyrna Landing Road<br>SMYRNA DE, 19977<br>Phone#: 302-653-9261 | Date:  04/07/2008 |
| --- | --- | --- |

# INCIDENT REPORT

| Group#: N/A | Type:  Inmate Involved | Incident Date: 02/27/2008 | Time: 11:25 | Confidential: No |
| --- | --- | --- | --- | --- |

## Approval Information

| X Approved | ☐ Disapproved | Date: 02/27/2008 | Approved by: Satterfield, James P  (Staff Lt./Lt) |
| --- | --- | --- | --- |

Comments:

# EXHIBIT J

| Incident# |
|-----------|
| 1050821 |

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone#: 302-653-9261**

Date: 04/07/2008

# INCIDENT REPORT

| Group#: N/A | Type: FYI | | Incident Date: 02/27/2008 | Time: 13:00 | Confidential: No |
|---|---|---|---|---|---|

**Facility:** DCC  Delaware Correctional Center                 Followup Required : No
**Incident Location:** Bldg.17 A Tier
**Location Description:** Bldg. 17 AHC
**Violated Conditions:**
**Description of Incident:**

   On February 27th 2008 at approximately 1300 the QRT was call to bldg 17 for Inmate Jimmy Lewis (506622). I Sgt. Stanford Henry responded and before reaching Bldg 17 Lt. Satterfield, Officers Hicks and Gomez were escorting Inmate Lewis from 17 to bldg.20. At that time I relieved Lt Satterfield and stood by in bldg 20 for medical staff to evaluate inmate Lewis.  Nurse Richard said Lewis was fine. Inmate Jimmy Lewis was then escorted to Bldg. 18 CL5 and stripped of his wet cloths. Lewis was given a T shirt , boxers and socks, then secured in his cell with no incident.

| Injured Persons | Hospitalized | Nature Of Injuries |
|---|---|---|
| N/A | N/A | N/A |

**Evidence Type:** N/A                                        Date Collected: N/A
**Discovered By :** N/A                            Secured By: N/A

**Type of Force Used** []   PHYSICAL  []   CHEMICAL []   STUN []   OTHER  []   CAPSTUN [X]   NONE
**Restraints Used**       : handcuffs and shackles
**Immediate Action Taken:**
122 and 404 written

| Individuals Involved | | | |
|---|---|---|---|
| **Person Code** | **Name** | **SBI#** | **Title** |
| Inmate | Jimmy, Lewis | 00506622 | N/A |
| Staff | Stanford, Henry | N/A | CO Corporal/Sgt. - Large Inst. |
| Staff | Wilfred, Beckles | N/A | CO Corporal/Sgt. - Large Inst. |
| Staff | Mandriel, Bass | N/A | Correctional Officer |
| Staff | Gregory, Turner M | N/A | CO Corporal/Sgt. - Large Inst. |
| Staff | James, Satterfield P | N/A | Staff Lt./Lt |
| Staff | Karen, Hawkins D | N/A | Staff Lt./Lt |

**Reporting Officer:** Henry, Stanford  (Co Corporal/Sgt. - Large Inst.)    **Entered By:** Henry, Stanford  (Co Corporal/Sgt. - Large Inst.)

| Approval Information |
|---|

[ X ]  Approved   [ ] Disapproved  Date: 02/27/2008  **Approved by:** Satterfield, James P  (Staff Lt./Lt)
**Comments:**

# EXHIBIT K

| Disciplinary# |
|---|
| 1038667 |

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 04/07/2008

# DISCIPLINARY REPORT

| Disciplinary Type: Class1 | Housing Unit Bldg 17 | IR#: 1050817 |
|---|---|---|

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|---|---|---|---|---|---|
| 00506622 | Lewis, Jimmy | DCC | Bldg.17 A Tier | 02/27/2008 | 11:25 |

Violations: 1.04/200.209 Damage or Destruction of Property (Over $10), 1.06/200.203 Disorderly or Threatening Behavior, 1.18/200.218 Possession of Dangerous Contraband, 2.01/200.105 Abuse of Privileges, 2.03/200.106 Creating a Health, Safety or Fire Hazard, 2.05 Disrespect, 2.06/200.108 Failing to Obey an Order, Disorderly behavior, Engaging in disruptive behavior, Other

| Witnesses:1. N/A | 2. N/A | 3. N/A |
|---|---|---|

## Description of Alleged Violation(s)

On the above date & time I/M Jimmy Lewis 00506622, started flooding out his cell and parts of A-Tier by placing something down the tiolet in his cell. Later, within fifteen(15) minutes water started pouring out of his cell A H/C onto A-Tier, and he(Lewis) started hitting the glass panel that is in his cell door. He shattered the cell door window, and ripped out the sink in his cell (A H/C) causing extensive damage. Also, there was glass shattered all about the cell, from the I/M using the sink to shatter the glass.This along with the feces that was in/about his cell. Sergeant K. Travies (the OIC), with C/Os T. Lindsey, E. Barnhart, M. Bass along with Lieutenant James Satterfield escorted I/M Jimmy Lewis 00506622 out of Building 17 to Building 18 C-Tier lower 5 cell.
Mental Health Mr. Gibbs this morning came into Building 17 at 0855 hours, and told staff to place I/M Jimmy Lewis back in his cell (A H/C). So the I/M was taken out of D-Tier interview room and placed in his cell A H/C.
Lieutenant James Satterfield, came into building 17 at 1232 hours to remove, I/M Jimmy Lewis 506622. Mental Health adivsed staff to take the I/M to building 18 C-Tier lower 5 cell.
Due to the extensive damage caused to A H/C cell, the I/M  Jimmy Lewis 506622, should be charged and forced to pay for this damage.
Reporting Officer: Pierce, George M (Correctional Officer)

## Immediate Action Taken

Immediate action taken by: Pierce, George M -Correctional Officer
The Area Lieutenant Was Notified, On What Had Transpired.

## Offender Disposition Details

Disposition: N/A          Date: N/A          Time: N/A          Cell secured?  No
Reason: N/A
Disposition Of Evidence: Maintnance Took The Sink And The Window And All Of The Broken Parts.

## Approval Information

Approved: [x]    Disapproved: [ ]    Approved By: Satterfield, James P (Staff Lt./Lt)
Comments: N/A

## Shift Supervisor Details

Date Received: 02/27/2008          Time: 14:39          Received From: Satterfield, James P

Shift Supervisor Determination:

[ ]   Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]   Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing.

Satterfield, James P (Staff Lt./Lt)

| Disciplinary# | |
|---|---|
| 1038667 | |

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 04/07/2008

# DISCIPLINARY REPORT

| Disciplinary Type: Class1 | Housing Unit Bldg 17 | IR#: 1050817 |
|---|---|---|

I have received a copy of this notice on **DATE:**_____ **TIME:** _____ and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

**Preliminary Hearing**
**Officer:** _____     **Offender:** _____

Satterfield, James P                                    Lewis, Jimmy

| DR#<br>1038667 | | |
|---|---|---|

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 04/07/2008

## DISCIPLINARY HEARING DECISION

| Inmate : Lewis, Jimmy | SBI#:00506622 | Type:Class 1 |
|---|---|---|

**Institution:**DCC  Delaware Correctional Center       **Hearing Date:**03/13/2008    **Time:**14:12

**Inmate Present:** Yes      **Reason(If No):** N/A

**Violation:** , 1.04/200.209 Damage or Destruction of Property (Over $10), 1.06/200.203 Disorderly or Threatening Behavior, 1.18/200.218 Possession of Dangerous Contraband, 2.01/200.105 Abuse of Privileges, 2.03/200.106 Creating a Health, Safety or Fire Hazard, 2.05 Disrespect, 2.06/200.108 Failing to Obey an Order, Disorderly behavior, Engaging in disruptive behavior, Other

**Inmate PLEA: Not Guilty**

**Inmate Statement:**  I needed some help.  Put on level 1 needed help.  Capt Burton put me on level one.  Had a panic attack. Let staff know.  Tried to get them to help me.  Don't remember details.

**Decision :**Guilty

**Rational :**Per report inmate found guilty of all charges.  This writeup combined with Dr. 1038652.  Inmate broke windows tore sink off wall.  Smeared feces over wall and flooded tier.  Pieces of glass was all over.  Inmate sanctioned to 15 days isolation Plus 50 days loss of good time.

**Sanctions:** N/A

### HEARING OFFICER'S SIGNATURE _____

Savage, Larry

I understand that I may appeal the decision of a Class II Hearing  to the Class I Hearing  Officer.I may appeal the decision of a Class I Hearing  to the facility administrator.I also understand that I have 72 hours to submit my notice of appeal in writing to the Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

**I [X]   DO    [ ]   DO NOT INTEND TO APPEAL**

_____
**INMATE's SIGNATURE**

## ORDER TO IMPLEMENT SANCTIONS

| [X]   Inmate does not wish to appeal | [ ]   Appeal has been denied by Commissioner or Designate |
|---|---|
| [ ]   Sanctions have been modified | [ ]   Time Limit(72 Hours since hearing) for appeal has expired |

**It is here by ordered to implement the sanctions:**

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Isolated Confinement | | 15 | |
| 2. Loss of Good Time | | 50 | |

# EXHIBIT L

**DCC Delaware Correctional Center**
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 03/27/2008

| GRIEVANCE REPORT |
|---|

| OFFENDER GRIEVANCE INFORMATION |
|---|

| | | |
|---|---|---|
| **Offender Name :** LEWIS, JIMMY | **SBI#** : 00506622 | **Institution** : DCC |
| **Grievance #** : 150943 | **Grievance Date** : 02/02/2008 | **Category** : Individual |
| **Status** : Non Grievable | **Resolution Status :** | **Resol. Date** : |
| **Grievance Type:** Staff Issues | **Incident Date** : 02/02/2008 | **Incident Time :** |
| **IGC** : Dutton, Matthew | **Housing Location :** Bldg 17, Lower, Tier A, Cell 1, Single | |

| OFFENDER GRIEVANCE DETAILS |
|---|

**Description of Complaint:** Inmate Claims: Upon being transferred back to the Dept of correction, Del Correctional center Correctional officers Morris and D. Jailliffe used excessive force upon me by placing me in a headlock that prevented me from breathing. Shackled and handcuffed me, then proceeded to yank the shackles and handcuffs causing my wrist and ankles to swell and bruise. There wasn't any disciplinary report to support said officers actions.

**Remedy Requested** : For this matter to be investigated for abuse, neglect, mistreatment in violation the grievant U.S.C.A right as well as DOC standard operational procedures established under the color of the law.

| INDIVIDUALS INVOLVED | | |
|---|---|---|
| **Type** | **SBI #** | **Name** |

| ADDITIONAL GRIEVANCE INFORMATION |
|---|

| | |
|---|---|
| **Medical Grievance :** NO | **Date Received by Medical Unit :** |
| **Investigation Sent :** | **Investigation Sent To** : Hawkins, Karen D |
| **Grievance Amount :** | |

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 03/27/2008

# INFORMAL RESOLUTION

## OFFENDER GRIEVANCE INFORMATION

| | | | |
|---|---|---|---|
| **Offender Name :** LEWIS, JIMMY | **SBI#** : 00506622 | **Institution** : DCC | |
| **Grievance #** : 150943 | **Grievance Date** : 02/02/2008 | **Category** : Individual | |
| **Status** : Non Grievable | **Resolution Status:** | **Inmate Status :** | |
| **Grievance Type:** Staff Issues | **Incident Date** : 02/02/2008 | **Incident Time :** | |
| **IGC** : Dutton, Matthew | **Housing Location :** Bldg 17, Lower, Tier A, Cell 1, Single | | |

### INFORMAL RESOLUTION

**Investigator Name** : Hawkins, Karen D          **Date of Report** 02/14/2008

**Investigation Report :**

**Reason for Referring:**

---

**Investigator Name** : Satterfield, James P          **Date of Report** 02/14/2008

**Investigation Report :** I went to the medical station in building 20 and asked nurse Betty Bryant if she could pull inmate Jimmy Lewis #00506622 record and tell me if when he was returned from D.P.C. to D.C.C. and was he examined by medical, and if so was he injured in any way? I also told her I needed this information because of a grievance that inmate Lewis had submitted. Nurse Bryant checked inmate Lewis records and said that inmate Lewis returned to D.C.C. on December 17, 2007 from D.P.C. and that Dr. Okepkun, and nurse Sara Willis screened inmate Lewis according to the records. Nurse Bryant said that it is logged that the inmate Did not have any complaints, and that he was stable. The only thing listed about his hands is that their was an old scar. Inmate Lewis recorders do not show he was injured at all when he returned from D.P.C. to D.C.C.
I then asked for inmate Lewis to be brought to my office and I asked him about this grievance. The first thing I asked him was when did he receive the injuries he is claming to have received? Inmate Lewis said that when he came back to D.C.C from D.P.C. I said you have February 2, 2008 listed and you came back December 17, 2007. Inmate Lewis said that is when he remembered the best he could that it happened. I asked who were the officers, were they DCC staff or court and trans staff? Inmate Lewis said that he did not know. I then asked inmate Lewis where did the incident take place? Inmate Lewis said that it took place at D.P.C. he was sitting there when the officers put him in a choke hold so he could not breath and then cuffed him, and shackled him and then drugged him 30 or 40 feet, before the D.P.C. staff told them to stop. Inmate Lewis said that the officer did not bring his personal property, and did not have a court order to bring him back to D.C.C. The Judge order him to D.P.C. and no one can bring him back without a court order.

**Reason for Referring:** S/LT. Hawkins I believe that this is court and transfer staff that the grievant is talking about, and the date the inmate put on the grievance is not the right date of his transfer back to D.C.C from D. P. C. I checked with medical and inmate Lewis did not have any injuries when he returned from D.P.C. This grievance appears to be a false clam, because the staff involved did not bring his personal property from D.P.C. , and he did not see a court order for him to be returned to D.C.C.

---

**Investigator Name** : Hawkins, Karen D          **Date of Report** 02/16/2008

**Investigation Report :**

**Reason for Referring:** S/LT. Hawkins I believe that this is court and transfer staff that the grievant is talking about, and the date the inmate put on the grievance is not the right date of his transfer back to D.C.C from D. P. C. I checked with medical and inmate Lewis did not have any injuries when he returned from D.P.C. This grievance appears to be a false clam, because the staff involved did not bring his personal property from D.P.C. , and he did not see a court order for him to be returned to D.C.C.

---

**Investigator Name** : Satterfield, James P          **Date of Report** 02/19/2008

DCC  Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 03/27/2008

# INFORMAL RESOLUTION

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|
| **Offender Name** : LEWIS, JIMMY | **SBI#** : 00506622 | **Institution** : DCC |
| **Grievance #** : 150943 | **Grievance Date** : 02/02/2008 | **Category** : Individual |
| **Status** : Non Grievable | **Resolution Status:** | **Inmate Status** : |
| **Grievance Type:** Staff Issues | **Incident Date** : 02/02/2008 | **Incident Time :** |
| **IGC** : Dutton, Matthew | **Housing Location :** Bldg 17, Lower, Tier A, Cell 1, Single | |

---

**Investigator Name** : Satterfield, James P                                    02/19/2008

**Investigation Report :** continued from first part of the investigation dated 2/14/2008

I then called Court and trans and spoke John Pennington who said that he would contact the officers he believed were working that day and he would send me an E-Mail once he had talked to the officers. The E-Mail reads Jim;

I spoke with Cpl Ike Dorris and he advised me that no 404 was done because when Jimmy Lewis refused to leave DPC, he and Cpl. Jelliffe grabbed I/m Lewis arms, started him towards the exit and I/M Lewis then told them he would go under his own power. There was no resistance and since no force was used, no reports were written. John Pennington.

The above statements and the before statements from medical shows that inmate Jimmy Lewis was not injured when being transported back to DCC from DPC.

Inmate Lewis will not sign off on the grievance.

**Reason for Referring:**

---

**Offender's Signature:**_____

**Date**                      :_____

**Witness (Officer)**    :_____

DCC **Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 03/27/2008

## GRIEVANCE INFORMATION - IGC

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name** : LEWIS, JIMMY | **SBI#** : 00506622 | **Institution** : DCC |
| **Grievance #** : 150943 | **Grievance Date** : 02/02/2008 | **Category** : Individual |
| **Status** : Non Grievable | **Resolution Status** : | **Inmate Status** : |
| **Grievance Type:** Staff Issues | **Incident Date** : 02/02/2008 | **Incident Time** : |
| **IGC** : Dutton, Matthew | **Housing Location** : Bldg 17, Lower, Tier A, Cell 1, Single | |

### IGC

**Medical Provider:**                    **Date Assigned**

**Comments:**
This grievance returned because: Investigation does not support allegation.

[ ] Forward to MGC          [ ]  Forward to Medical Provider          [ ]  Warden Notified

[ ] Forward to RGC          Date Forwarded to MGC :

[ ] Offender Signature Captured          Date Offender Signed          :

# EXHIBIT N

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS,                                    )
                                                 )
                    Plaintiff,                   )
                                                 )
                                                 )  .    Civil Action No. 06-778-GMS
            v.                                   )
                                                 )       Jury Trial Requested
                                                 )
THOMAS L. CARROLL, et al.                        )
                                                 )
                    Defendants.                  )

## AFFIDAVIT OF LIEUTENANT PETER FORBES

I, Peter Forbes, having been duly sworn by law, do hereby depose and state as
follows:

1.      I am employed by the State of Delaware Department of Correction
("DOC") as a Lieutenant at the Delaware Correctional Center ("DCC"), Smyrna,
Delaware. I have been employed by DOC for 14 years and have been assigned to the
DCC for over eight (8) years. I have worked as a Correctional Supervisor with the rank
of Lieutenant for the past seven (7) years.

2.      Prior to February 27, 2008, I had never had any direct interaction with
Inmate Jimmie Lewis, SBI # 00506622. My only knowledge of Inmate Lewis was what I
had heard about his numerous threats to kill himself and his frequent transitions to and
from the mental ward in the Infirmary.

3.      On February 27, 2008, Inmate Lewis threatened to kill himself and
destroyed a cell in Building 17. As a result of his behavior Inmate Lewis was transferred
to Administrative Segregation. I witnessed the damage Inmate Lewis caused to the cell
and was present during his transfer to Administrative Segregation.

1

4.    On March 6, 2008, Inmate Samuel Harris was placed in Administrative Segregation. Inmates in Administrative Segregation do not have physical contact with each other at any time.

5.    I never gave Inmate Harris a knife, shank, tool or other instrument for the purpose of killing or causing harm to Inmate Lewis.

Peter Forbes

**SWORN AND SUBSCRIBED** before me this _11_ day of _April_ 2008.

Notary

2