IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-778-GMS |
| | ) |
| THOMAS L. CARROLL, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

The plaintiff, Jimmie Lewis ("Lewis"), a prisoner housed at the Delaware Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. When the lawsuit was initiated Lewis proceeded *pro se,* and he was granted leave to proceed *in forma pauperis.* (D.I. 6.) Lewis is now represented by appointed counsel. (D.I . 83.) While proceeding *pro se*, Lewis filed two motions for injunctive relief. (D.I. 60, 61.) He contends that inmates have threatened him with physical harm, his safety is in jeopardy, the defendants have failed to ensure his safety, and since his transfer from the Delaware Psychiatric Center he has not been provided medical or mental health treatment. The court ordered the defendants to respond to the motion. Their responses contain numerous medical records and incident reports. (D.I. 63. 64, 69, 70, 71, 72, 73.) Lewis also submitted numerous exhibits, the majority of which are irrelevant. (D.I. 76, 78.)

When considering a motion for a temporary restraining order or preliminary injunction, the court determines: (1) the likelihood of success on the merits; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. *Kos Pharmaceuticals, Inc. v.*

*Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)(quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). It is the plaintiff's burden, in seeking injunctive relief, to show a likelihood of success on the merits. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 90 (3d Cir. 1992).

Lewis contends that inmates have threatened him with physical harm, his safety is in jeopardy, and the defendants have failed to ensure his safety. In this regard, he seeks transfer to a different correctional facility, the Delaware Psychiatric Center, or to New Jersey. The exhibits submitted by the parties do not support Lewis' position and, as to this issue, Lewis has not met his burden to show success on the merits. Moreover, the relief he seeks is not available to him. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. *Olim v. Wakinekona*, 461 U.S. 238, 251 (1983).

Additionally, Lewis has not met his burden on the issue of medical and mental health

treatment subsequent to his transfer from the Delaware Psychiatric Center. It is clear from the exhibits provided to the court, including Lewis' voluminous medical records, that Lewis receives medical and mental health treatment, and that he is constantly monitored.

Upon review of the pleadings, the court finds that Lewis is not entitled to injunctive relief. In reviewing Lewis' litany of complaints, it is evident he is terribly unhappy with his current situation. Nonetheless, in seeking injunctive relief Lewis has not met his burden to show a likelihood of success on the merits nor do his filings demonstrate that at the present time he is in danger of suffering irreparable harm. Accordingly, the court will deny his motions for injunctive relief.

NOW THEREFORE, IT IS HEREBY ORDERED that the motion for preliminary injunction and the amended motion for preliminary injunctive are **denied**. (D.I. 60, 61.)

CHIEF, UNITED STATES DISTRICT JUDGE

May 27, 2008
Wilmington, Delaware



FILED

MAY 2 8 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE